## 20996

In the Matter of E. Pickens RISH, Respondent.

(256 S. E. (2d) 540)

*Atty. Gen. Daniel R. McLeod* and *Asst. Attys. Gen. Richard B. Kale, Jr.,* and *Perry M. Buckner,* Columbia, *for complainant.*

*Kermit S. King,* Columbia, and *Melvin L. Roberts,* York, *for respondent.*

June 26, 1979.

*Per Curiam:*

The Respondent, E. Pickens Rish, is a duly licensed attorney in the State of South Carolina, formerly practicing law in the County of Lexington. On March 2, 1978, the Respondent plead *nolo contendere* in the General Sessions

Court of Lexington County to two (2) indictments each charging criminal conspiracy and obstruction of justice. These indictments grew out of the conduct of Respondent and his co-defendant magistrate, Luther W. Pender, with respect to the unlawful disposition of certain DUI charges. The *nolo contendere* pleas were entered on the third day of the trial and at the conclusion of the State's case.

On March 16, 1978, this Court passed an Order temporarily suspending Respondent's license to practice law pursuant to Section 6 of the Rules on Disciplinary Procedure.[1] Thereafter, a complaint was filed instituting the present grievance proceeding. The complaint alleged that the Respondent had plead *nolo contendere* to the indictments mentioned above and, further, that he had engaged in jury tampering by means of procuring one James O. Beckham to unlawfully communicate with a member of the jury venire for the purpose of improperly influencing such juror. The complaint further alleged that as a result of the foregoing, the Respondent has engaged in conduct tending to pollute the administration of justice and to bring the courts and legal profession into disrepute in violation of The Code of Professional Responsibility and the Rule on Disciplinary Procedure.

The Answer filed by the Respondent admitted the pleas of *nolo contendere* to the two indictments, but denied the allegation of jury tampering.

A Panel Hearing was held to consider this matter on November 9, 1978. On November 20, 1978, the Panel filed its Report finding that the charge of jury tampering had not been proved, but two Panel members recommended that Respondent be indefinitely suspended from the practice of law because of his pleas of *nolo contendere* to the two indictments charging criminal conspiracy and obstruction of jus-

---

[1] The trial judge also required Respondent, as a condition of the sentence imposed, to immediately surrender his license to practice law to this Court.

tice. The third Panel member recommended that the Respondent be permanently disbarred.

The matter was reviewed by the Executive Committee of the Board of Commissioners on Grievances and Discipline on January 5, 1979. The Executive Committee, by a vote of 4 to 1, adopted the majority Panel Report recommending no amendments to the findings of fact or conclusions of law; its independent recommendation as to sanction was indefinite suspension. The one dissenting member recommended the sanction of disbarment.

The Complainant first takes issue with the failure of the Hearing Panel and the Executive Committee to find the Respondent guilty on the allegation of jury tampering. The Panel stated in its Report: "Considering all of the evidence presented with reference to the charge of jury tampering, the Panel is of the opinion that such charge has not been proved either by clear and convincing evidence or even by the preponderance of the testimony. Therefore, The Panel believes that this charge should be dismissed." No useful purpose will be served by reviewing the testimony addressed to this issue. It is sufficient to say that the testimony of Complanant's indispensable witness, James O. Beckham, was both vague and contradictory. It is insufficient to sustain a finding of Respondent's guilt to the charge of jury tampering. We concur with the findings of the Panel and Executive Committee.

Both Complainant and Respondent have excepted to rulings of the Hearing Panel in regard to the admission or exclusion of certain evidence offered by Respondent pertaining to the circumstances surrounding his *nolo* pleas. The dispute revolves around Section 6 of the Rule on Disciplinary Procedure which provides in pertinent part that:

B. A certificate of conviction [2] of an attorney for any crime shall be conclusive evidence of the commission of that

---

[2] A plea of *nolo contendere* is considered a conviction under the Rule.

crime in any disciplinary proceeding instituted against him based on the conviction.

C. Upon the receipt of a certificate of conviction of an attorney for a serious crime, the Court shall in addition to temporarily suspending him also refer the matter to the Board for the institution of a formal proceeding before a hearing panel in which the sole issue to be determined shall be the extent of the permanent and final discipline to be imposed, provided that a disciplinary proceeding so instituted will not be brought to hearing until all appeals from the conviction are concluded.

Section 6 of the Rule changed the procedure formerly used in South Carolina attorney disciplinary actions which permitted the entire criminal case to be retried. *See, In the Matter of Anderson,* 255 S. C. 56, 177 S. E. (2d) 130 (1970). It is apparent that the present Rule avoids inconsistent results and facilitates judicial efficiency.

The mechanics of Section 6 are relatively simple providing (1) that a conviction or *nolo contendere* plea shall be conclusive evidence of the commission of that crime in any disciplinary proceeding instituted against one based on the conviction; (2) that at the formal hearing before the Panel, the sole issue for determination shall be the extent of the permanent and final discipline to be imposed.

The issue before us arises over the application of Section 6—what is the scope of the evidence allowable in making a determination of discipline? We summarily dismiss any suggestion that the conviction is so conclusive as to bar all evidence and testimony concerning it. To adopt such a mechanical interpretation of the Rule would require that the imposition of punishment be made in a vacuum.

On the other hand it is essential that the scope of evidence be limited so as not to infringe upon the integrity of the conviction or plea. To allow a respondent to assert his inno-

cence of the crime for which he has been convicted would totally nullify the intention of the Rule. In *Bar Association of Baltimore City v. Siegel,* 275 Md. 521, 340 A. (2d) 710 (1975), the Maryland Court of Appeals considered a Maryland Rule provision similar to Section 6. The respondent attorney sought to show that two U. S. attorneys had recommended that he not be prosecuted, that the prosecution was overzealously pursued, and that the *nolo contendere* plea was entered into because his health did not permit him to undergo an extended trial. The Maryland Court refused this request and stated:

[W]e cannot accept as "compelling extenuating circumstances" those proffers by the respondent which in essence call upon us to assess the integrity of the criminal conviction itself—that prior adjudication is conclusive and thus cannot be attacked in a disciplinary proceeding by invoking this Court to reweigh or to re-evaluate the respondent's guilt or innocence. *Id.,* 340 A. (2d) at 713.

While the respondent should be given ample latitude to fully present evidence as to mitigating and extenuating circumstances, he should not be allowed to present evidence inconsistent with the essential elements of the crime for which he has been convicted. As is characteristic of most general rules of evidence, the application of same must be left in considerable measure to the sound discretion of the Hearing Panel.

The Respondent argues that the Hearing Panel was unduly restrictive in admitting evidence in mitigation and extenuation. We have closely reviewed the record, and we are of the opinion that the Panel fairly applied the rule of evidence above set forth in admitting evidence offered by the Respondent. We find no merit in this exception.

Respondent is 50 years of age. He was admitted to the Bar in 1955, and has since continuously practiced in Lexington County until the events herein recited occurred. He

was sentenced by the trial judge to a prison term, probation, and substantial fines. He has completed the service of his prison term, and has paid $12,000 in fines to the Court.

While the sanction of indefinite suspension has been recommended by a majority of both the Panel and Executive Committee, we do not feel that such sanction is commensurate with the seriousness of the crimes of which the Respondent stands convicted. These crimes strike at the very heart of both our legal and judicial systems. The conduct of the Respondent has polluted the administration of justice and brought the legal profession into disrepute in violation of the Code of Professional Responsibility and the Rule on Disciplinary Procedure. We concur with the minority recommendation of the Panel and Executive Committee that the sanction of disbarment should be imposed.

At the time the present disciplinary proceeding was instituted, an unrelated disciplinary proceeding was pending in this Court against the Respondent which has been held in abeyance awaiting the completion of the present proceeding. The first proceeding charged the Respondent with the improper maintenance of his clients' trust account. We have considered the record of the first proceeding and such proceeding is deemed terminated by this Order.

It is, therefore, ordered that the Respondent be, and he is hereby, disbarred from the practice of law in this State, and he shall forthwith surrender to the Clerk of this Court the certificate heretofore issued by this Court admitting him to practice.

LITTLEJOHN, J., not participating.