## 21476

(279 S. E. (2d) 129)

In the Matter of William J. CASKEY, Respondent.

*Atty. Gen. Daniel R. McLeod* and *Sr. Asst. Atty. Gen. Richard B. Kale, Jr.,* Columbia, *for appellant.*

*James B. Richardson, Jr.,* of *Ham & Richardson,* Columbia, and *Henry H. Taylor* and *S. Jahue Moore* of *Kirkland, Taylor, Wilson, Moore & Allen,* West Columbia, *for respondent.*

June 4, 1981.

*Per Curiam:*

The Respondent, William J. Caskey, is a duly licensed attorney in the State of South Carolina, formerly practicing law in Lexington County. On November 3, 1977, he was convicted in the General Sessions Court of Lexington County on charges of criminal conspiracy and obstruction of justice. On December 6, 1977, this Court issued its Order temporarily suspending Respondent's license to practice law pursuant to Section 6 of the Rule on Disciplinary Procedure. Subsequent thereto this Court affirmed the convictions on direct appeal. *State v. Caskey,* 273 S. C. 325, 256 S. E. (2d) 737.

The present grievance proceeding was commenced on November 22, 1977, but held in abeyance pending Respondent's criminal appeal. Ultimately a Panel Hearing was held to consider this matter, and a report was filed which found that the Respondent had engaged in conduct tending to pollute the administration of justice and to bring the courts and legal profession into disrepute warranting disbarment. The report was reviewed and adopted by the Executive Committee of the Board of Commissioners on Grievances and Discipline. We agree with the holding of the Executive Committee and find that the issues in this case are concluded by our previous decision *In the Matter of Rish,* 273 S. C. 365, 256 S. E. (2d) 540.

Accordingly, it is ordered that the Respondent be, and he is hereby disbarred from the practice of law in this State, and he shall forthwith surrender to the Clerk of this Court the Certificate heretofore issued by this Court admitting him to practice.

Appellant's contentions that his petition for *habeas corpus* relief in Federal Court and his appeal from a denial of the same should be considered an "ap-

peal" for the purpose of Section 6(C) of our Rule on Disciplinary Procedure are without merit. The guilt or innocence of appellant is no longer at issue and his Federal collateral attack is irrelevant to the imposition of discipline under our Rule.