21627

In the Matter of August Whilden HOLMAN, Respondent.

(286 S. E. (2d) 148)

*Atty. Gen. Daniel R. McLeod* and *Asst. Atty. Gen. Clifford O. Koon, Jr.,* Columbia, *for complainant.*

*Robert A. Hammett,* Spartanburg, *for respondent.*

January 12, 1982.

*Per Curiam:*

The respondent Holman is a duly licensed attorney in the State of South Carolina, previously practicing law in Cherokee County. On February 16, 1981, he was convicted in the general sessions court of Cherokee for contempt of court. No appeal was taken from this conviction. On March 12, 1981, this Court temporarily suspended respondent's license to practice law pursuant to § 6C of the Rule on Disciplinary Procedure.

This grievance action charges Holman with misconduct under § 15B, 15C and 16 of the Rule on Disciplinary Procedure. The Panel Hearing and the Executive Committee determined Holman to be guilty of the alleged misconduct and recommended an indefinite suspension be imposed. No exceptions have been taken from the Panel or Executive Committee report.

Respondent has admitted he was convicted of contempt of court based on an alleged communication with a member of a jury selected for a trial where respondent represented the defendant. These facts place the misconduct within the definition of a "serious crime" contained in § 2N of the Rules on Disciplinary Procedure.

The authority to discipline attorneys and the manner by which the discipline is given rests entirely with this Court. *Burns v. Clayton,* 237 S. C. 316, 117 S. E. (2d) 300 (1960). We disagree with the recommendations of the Panel and Executive Committee.

The vast majority of cases involving misconduct which constitutes a "serious crime" under the Rules impose disbarment as the appropriate sanction. We see no reason to hold otherwise here. *In Re Caskey,* 279 S. E. (2d) 129 (1981); *In Re Rish,* 273 S. C. 365, 256 S. E. (2d) 540 (1979); *In Re Winter,* 273 S. C. 156, 255 S. E. (2d) 347 (1979).

Accordingly, respondent is disbarred from the practice of law in this State and shall, within five (5) day from the service of this opinion, deliver his certificate of admission to practice to the Clerk of this Court for cancellation.