22036

In the Matter of Fred Henderson MOORE and Edward M. Brown, Respondents.

(312 S. E. (2d) 1)

Supreme Court of South Carolina.

*Atty. Gen. T. Travis Medlock* and *Asst. Atty. Gen. Clifford O. Koon, Jr.*, Columbia, *for complainant.*

*Morris D. Rosen* and *William H. Grimball*, Charleston, *for respondents.*

Jan. 24, 1984.

*Per Curiam:*

This is an attorney grievance matter dealing with the misuse of an attorneys' trust account. Respondent Fred Henderson Moore and Respondent Edward M. Brown are partners practicing law in the city of Charleston. Respondent Moore has been at the bar for more than twenty years and Respondent Brown has been practicing for approximately five years.

Respondent Moore has previously been before the Court in a disciplinary matter resulting in a finding of misconduct and a public reprimand, wherein this Court said:

> The record before us indicates several instances of the respondent's neglect concerning real estate title work for his clients. Such disregard constitutes neglect of a legal matter entrusted to him in violation of DR 6-101(A)(3), and warrants imposition of a public censure. *In the Matter of Moore*, 275 S. C. 280, 269 S. E. (2d) 771 (1980).

The complaint which brings the current matter to the Court charged:

... that the Respondents had allowed checks to be issued on their client trust accounts which were returned for insufficient funds; that the Respondents had failed to maintain the integrity of their clients' funds in these trust accounts; that the Respondents had failed to, or had been unable to account for their clients' funds in the trust accounts; that the Respondents had made improper withdrawals from the trust accounts; and that the Respondents had generally misapplied and misappropriated their clients' funds held in the client trust accounts.

The evidence was taken before a hearing panel resulting in a recommendation, by a two to one vote, that both respondents be permanently disbarred from the practice of law, with one member voting that both respondents be indefinitely suspended. The action of the Panel was reviewed by the Executive Committee of the Board of Commissioners on Grievances and Discipline. It accepted the Panel's findings of fact and conclusions of law. Its independent recommendation as to sanction was that Respondent Moore be indefinitely suspended from the practice of law and that Respondent Brown be publicly reprimanded.

Rule 8 C of this Court's Rules on Disciplinary procedure provides as follows:

C. A person who, having been publicly reprimanded for misconduct, is thereafter found guilty of subsequent misconduct, shall be suspended for an indefinite period from the office of attorney at law, or permanently disbarred, depending upon the seriousness of such misconduct.

While this rule mandates at least indefinite suspension for Moore, this case would independently require this sanction.

The report of the Hearing Panel is abundantly substantiated by the record. From it, we quote:

... the Attorney General [who is charged with prosecuting these actions] proved that on numerous occasions between October 1980 and March 1981, Respondents' clients' funds had been placed in these trust accounts, but that thereafter there were insufficient funds in these accounts to pay the clients their share of the funds from these accounts.

Many examples were shown where the Respondents received funds from their clients, and several days thereafter, but before any funds were dispersed to these clients, the balance in these trust accounts was far below that necessary to cover checks that were to have been issued to these clients. The Attorney General also proved that when clients' funds were placed in these accounts, but before disbursement of the clients' share, these client funds were frequently disbursed or substantially reduced by the withdrawal by the Respondents or employees of the Respondents. The Respondents withdrew these funds for purposes of meeting their payroll; paying themselves their weekly draw; payment of bills and expenses of Respondents' law office; payment of expenses for cases that had not yet been settled; and for payments to employees. Additionally, the Attorney General proved that by January 30, 1981, the Respondents had at least constructive notice that their client trust accounts, at South Carolina National Bank was [sic] substantially depleted of funds without their clients having received their share of these funds because the Respondents had then received notice that there were two checks from this account returned to payees for lack of sufficient funds.

The panel exonerated the Respondents from splitting fees with laymen, but incident thereto said:

... that the Respondents' use of the client trust accounts to pay funds directly to laymen at times when there were insufficient funds to account to their clients, constitutes misconduct by way of misapplication and misappropriation of their clients' funds. Moreover, the Panel finds that there was, generally speaking, a total absence of proper procedures regarding Respondents' clients' funds.

. . . .

But here, the facts revealed that the Respondents were paying themselves, making payments to their payroll account, paying other parties, and their office expenses with their clients' money. This activity, regardless of who received the checks was improper and constituted a misappropriation of the Respondents' clients' funds.

In conclusion, the Panel summarizes the charge as follows:

In summary, the Panel finds that the Attorney General has, by clear, cogent and convincing evidence, proved that the Respondents issued checks from their clients' funds for which there was insufficient money to cover these checks; that the Respondents failed to maintain the integrity of their clients' funds in these trust accounts; that Respondents failed to account, and would have been unable to account to their clients if asked, concerning the clients' funds held by the Respondents in these Trust Accounts; and that the Respondents made improper withdrawals from the trust accounts. As a consequence, the Attorney General has proved that Respondents misused, misapplied, and misappropriated their clients' funds.

The observation of the Panel indicates a keen understanding of the duties of an attorney in dealing with other people's money. It said:

Honesty in dealing with property of clients entrusted to an attorney is at the very cornerstone of the legal profession. Overwork, insufficient pay, bad bookkeeping and/or accounting procedures do not constitute an excuse for misapplication or misappropriation of clients' funds to the personal use of the attorney or his firm. The actions and attitudes of both Respondents Brown and Moore with reference to their trust accounts clearly exhibit at best a complete lack of appreciation, if not complete disregard, of the duties and responsibilities of the fiduciary relationship which Respondents had with respective clients in handling client funds. It should also be noted that by the very nature of the law practice of the Respondents, the clients whose funds were entrusted to Respondents and in several cases misapplied and misappropriated were generally of an economic class who could least afford, economically, to take a loss or to enforce their rights against the Respondents.

This is not a case of an isolated instance, inadvertence, mere negligence, error of judgment, or of checks crossing in the mails, but rather a consistent use by the Re-

spondents of client funds from present settlements in order to pay past settlements to other clients; a house of cards built on the necessity of the Respondents continuing to have settlement checks (drafts) coming in, in order to replace funds of clients previously misapplied by them. The Respondents, with at least constructive knowledge or through gross negligence, constantly and consistently during this six (6) month period rolled over trust funds; borrowing from one client in order to pay another and themselves.

This case emphasizes the need for a rule governing the handling of trust accounts in this state.

Attention is also called to DR 9-102 of Supreme Court Rule 32, the Code of Professional Responsibility, entitled *Preserving Identity of Funds and Property of a Client*, provides in part:

(A) All funds of clients paid to a lawyer or law firm, other than advances for costs and expenses, shall be deposited in one or more indentifiable bank accounts maintained in the state in which the law office is situated and no funds belonging to the lawyer or law firm shall be deposited therein except as follows:

. . . .

(2) Funds belong in part to a client and in part presently or potentially to the lawyer or law firm must be deposited therein, but the portion belonging to the lawyer or law firm may be withdrawn when due unless the right of the lawyer or law firm to receive it is disputed by the client, in which event the disputed portion shall not be withdrawn until the dispute is finally resolved.

(B) A lawyer shall:

(1) Promptly notify a client of the receipt of his funds, securities, or other properties.

. . . .

(3) Maintain complete records of all funds, securities, and other properties of a client coming into the possession of the lawyer and render appropriate accounts to his client regarding them.

(4) Promptly pay or deliver to the client as requested by a client the funds, securities, or other properties in the possession of the lawyer which the client is entitled to receive.

While there is substantial thinking on the part of the Court that Respondent Moore should be disbarred and Respondent Brown indefinitely suspended, the consensus of thinking of the Court is that Respondent Moore be indefinitely suspended and that Respondent Brown be publicly reprimanded. In one sense of the word, the two are equally culpable, but it is apparent that Respondent Brown is comparatively inexperienced and he was, in large measure, following the dictates of his senior partner. Additionally, Respondent Brown has not heretofore been sanctioned by the Court for misconduct.

In giving each of the Respondents the benefit of the doubt as to sanction, the Court has taken into consideration the fact that the clients of the respondents have not suffered financial loss resulting from the misconduct of the two.

It is, therefore, ordered that the Respondent Fred Henderson Moore be, and he is, hereby, indefinitely suspended from the practice of law in this state. It is further ordered that he shall, within five days from the date of the filing of this order, surrender his certificate to practice to the Clerk of this Court.

If is further ordered that Respondent Edward M. Brown be, and he is, hereby, Publicly Reprimanded.

NESS, Justice, concurring:

Being bound by Rule 8(C) of the Court's Rules on Disciplinary Procedure, I concur in this opinion and sanction, but believe that a public reprimand for each of the parties under the facts of this case would be sufficient punishment.