22185

In the Matter of Harry I. RIVERS, Jr.

(331 S. E. (2d) 332)

Supreme Court

---

[1] The right to dower in South Carolina was abolished by this Court in *Boan v. Watson*, 281 S. C. 516, 316 S. E. (2d) 401 (1984).

*Atty. Gen. T. Travis Medlock* and *Sr. Asst. Atty. Gen. Richard B. Kale, Jr.*, Columbia, *for complainant.*

*Edward E. Saleeby*, Hartsville, *for respondent.*

Heard Sept. 11, 1984.

Decided Nov. 14, 1984.

*Per Curiam:*

This is an attorney grievance proceeding. Respondent, Harry I. Rivers, Jr., is charged with causing a private investigator to communicate, before the trial of a case, with persons whom he knew to be members of the jury venire and their relatives, within the sixth degree of kinship; and with failing to reveal this improper conduct to the Court or the Board of Commissioners on Grievances and Discipline. The Panel and the Executive Committee recommended a public reprimand. We agree.

As his reply, Respondent has adopted the reports of the Grievance Panel and the Executive Committee and agrees he should accept a public reprimand for his actions.

Respondent was admitted to practice in South Carolina in 1976. Between 1976 and 1983, he served for three years in the Office of the Judge Advocate General, United States Army; worked as a law clerk for a Circuit Judge for two months in a non-trial capacity; and was employed by the Alcoholic Beverage Commission in a non-legal capacity.

In 1983 Respondent began practicing law in the office of an established attorney. He had no civil trial experience when he undertook to assist in the preparation of a tort suit which gave rise to his violation.

Respondent's partner, an experienced trial attorney, employed an investigator to contact members of the venire and ask their opinions on issues involved in the case. This attorney, when questioned by the investigator as to the propriety of the procedure, gave assurance that it was ethical, provided the jury was not told the name of the case. Relying on these assurances, Respondent helped draft questions for the investigator. A member of the jury selected to sit on the case informed the trial judge he had been contacted by Respondent's investigator. The litigation was settled prior to trial.

Respondent filed no exceptions to the Panel's report. ■ We agree with the finding of the Panel that Respondent was ignorant of the rules of discipline surrounding the conduct of litigation and jury selection. Ignorance, however, is no excuse. Inexperienced attorneys are held to the same standards as their more experienced colleagues. It is the duty of attorneys to discover and comply with the rules of practice and professional responsibility governing the profession.

In the *Matter of Two Anonymous Members of the South Carolina Bar*, 278 S. C. 477, 298 S. E. (2d) 450 (1982), we held that attorneys are forbidden to contact jury members, or members of their families within the sixth degree of kinship under DR 7-108 (A & F). Respondent himself did not do so, but did aid in the contact of jurors, in violation of Sections 5 (B) and (D) of the Rule on Disciplinary Procedure, and DR 7-108 (A & F), and DR 1-102(A), (1, 2, 5 & 6).

Respondent also failed to report violations, in itself an infraction of Section 5 (B) of the Rule of Disciplinary Procedure, and DR 7-108(G), DR 1-102(A), (1) & (6), and DR 1-103(A). Both of these are serious violations of the rules governing the practice of law.

We agree, however, with the findings of the Panel and Board that Respondent is a person of honesty, integrity and high moral character. These qualities, plus his inexperience and limited involvement in the subject misconduct, are strong mitigating factors.

We also agree that, for the foregoing reasons, the sanction recommended by the Board is justified in this case.

Therefore, Respondent stands publicly reprimanded in accordance with Rule 7 A(3) of the Supreme Court Rules on Disciplinary Procedures.

Public reprimand.