22418

In the Matter of Hal Jerome WARLICK, Respondent.

(339 S. E. (2d) 110)

Supreme Court

*Atty. Gen. T. Travis Medlock* and *Senior Asst. Atty. Gen. Richard B. Kale, Jr.,* Columbia, *for complainant.*

*Kermit S. King,* Columbia, *for respondent.*

Heard Sept. 23, 1985.

Decided Dec. 10, 1985.

On Petition for Rehearing Jan. 13, 1986.

*Per Curiam:*

Respondent was temporarily suspended from the practice of law on November 9, 1983, following his conviction in federal court for contempt. The Executive Committee, by a divided vote, recommended respondent be disbarred. We agree respondent should be disbarred.

In preparation for a personal injury trial in federal court, respondent hired a private investigator to conduct a jury investigation. The investigator's activities included personal contacts with jurors and their family members. Respondent was aware of the personal contact, and was questioned about the propriety of his actions by the investigator, who referred respondent to this Court's decision in *Matter of Two Anonymous Members of the South Carolina Bar*, 278 S. C. 477, 298 S. E. (2d) 450 (1982). Respondent advised the investigator to continue personal contacts. He thereafter selected a jury which contained at least three jurors who had been personally contacted. The lawsuit was settled prior to trial.

Respondent was convicted of contempt of court following a bench trial before U. S. District Court Judge G. Ross Anderson. 18 U. S. C. Section 401(1) and (3). The conviction was affirmed by the Fourth Circuit Court of Appeals. *United States v. Warlick*, 742 F. (2d) 113 (4th Cir. 1983).

Respondent argues the hearing panel erred in receiving and considering Judge Anderson's order finding him in contempt, since the only evidence pertaining to the conviction which may be received by the panel is a "certificate of conviction." Paragraphs 6(B) and 6(C) of the Rule on Disciplinary Procedure provide that a certificate of conviction is conclusive evidence of the commission of the crime in disciplinary proceedings and the panel's sole function is to determine the appropriate sanction. What will qualify as a "certificate of conviction" in a given case will vary depending on the nature of proceedings which led to the conviction. When the conviction results from a bench trial, clearly the judge's order is the operative document for certifying the conviction. The panel's ruling was proper.

Respondent also asserts error in the panel's failure to allow him to present evidence concerning the facts which led to the conviction. During the hearing, respondent attempted to offer testimony to show that his involvement in contacting jurors was nonculpable. That issue was decided adversely to respondent in the criminal proceeding. He is prohibited from offering evidence inconsistent with essential elements of the crime for which he was convicted. *Matter of Rish*, 273 S. C. 365, 256 S. E. (2d) 540 (1979). Respondent was not prohibited from offering mitigating evidence, which he is clearly entitled to do.

Respondent's law partner received a public reprimand for his peripheral involvement in this case. *Matter of Rivers*, _____ S. C. _____, 331 S. E. (2d) 332 (1984). However disbarment is appropriate where, as here, an attorney's improper juror contact is informed or intentional. *Matter of Holman*, 277 S. C. 293, 286 S. E. (2d) 148 (1982).

It is ordered that respondent shall be permanently disbarred from the practice of law in this State. Respondent shall, within ten (10) days of the date of service upon him of this opinion, surrender his license to practice law to the Clerk of this Court and shall comply with any other requirements set out by the Rule on Disciplinary Procedure.

Disbarred.

GREGORY and HARWELL, JJ., we respectfully dissent as to the appropriate sanction. We would impose an indefinite suspension.

## ON PETITION FOR REHEARING

Respondent's Petition for Rehearing is granted as to the appropriate sanction. The sanction we now impose is an indefinite suspension.

The record reflects respondent has surrendered his certificate to practice in accordance with our previous opinion.

NESS, C. J., I would deny the petition. I adhere to my view that disbarment is the appropriate sanction.