22548

In the Matter of Frank JAMES, Respondent.

(344 S. E. (2d) 378)

Supreme Court

*Atty. Gen. T. Travis Medlock* and *Sr. Asst. Atty. Gen. Richard B. Kale, Jr.*, Columbia, *for complainant.*

*Frank James*, Anderson, *pro se.*

Heard April 8, 1986.

Decided May 12, 1986.

*Per Curiam:*

Respondent was temporarily suspended from the practice of law on July 11, 1985 due to his mismanagement of his clients' money. Since respondent did not file an answer to the complaint, the allegations of misconduct are deemed admitted under § 13(C) of the Rule on Disciplinary Procedure. Pursuant to § 12(B) of the Rule, no Panel hearing was held since no issues of fact were raised by the pleadings. The Executive Committee voted unanimously to permanently disbar respondent. Subsequently, respondent pled guilty to two criminal charges arising from the same transactions involved in this disciplinary matter. We find that disbarment is the appropriate sanction in this case.

From December 6, 1984 through June 13, 1985, respondent continuously withdrew clients' funds from his trust account for his own personal or business use. As a result of these misappropriations, respondent had a total of ninety-three

(93) checks returned due to insufficient funds. Six (6) of these checks were issued on his trust account and eighty-seven (87) were issued on his office account. Respondent still owes his clients a total of $24,539.04 due to his improper transactions. In one instance, respondent settled a personal injury claim on behalf of one of his clients. Respondent forged the client's signature on the settlement check and deposited it into his trust account. When the client later inquired about the money, respondent misrepresented to his client that he had not received the settlement check.

Additionally, respondent failed to cooperate with the Grievance Board's investigation. When respondent was temporarily suspended, he was ordered to turn over his trust funds and client files. Without notice to this Court or the Grievance Board, respondent closed his law office and left the state. Respondent's absence hindered the Board in its efforts to obtain respondent's bank records, client files, and client ledger books. Respondent also failed to notify his clients or attorneys of adversary parties of his suspension and he failed to file the required affidavit with this Court in violation of § 30 of the Rule of Disciplinary Procedure.

Respondent has failed to maintain all of his clients' funds in his trust account, has misappropriated clients' funds to his personal or business use, has failed to maintain complete records of all funds coming into his possession and render appropriate accounts to his clients regarding them, has failed to properly pay or deliver to his client as requested by the client the funds in his possession which the client is entitled to receive, has engaged in illegal conduct involving moral turpitude, has engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation, has failed to cooperate with the investigation of the Board of Commissioners on Grievances and Discipline, has engaged in conduct tending to bring the courts or the legal profession into disrepute, and has engaged in conduct that adversely reflects on his fitness to practice law, all in violation of the Code of Professional Responsibility and the Rule on Disciplinary Procedure. On January 17, 1986, respondent pled guilty in General Sessions Court to forgery by uttering a forged instrument and to breach of trust with fraudulent intent. Given the magnitude of respondent's serious ethical vio-

lations and the criminal convictions which arose from this matter, we find that disbarment is the appropriate sanction. *See Matter of Jenrette*, 342 S. E. (2d) 596 (S. C. 1986); *Matter of Holman*, 277 S. C. 293, 286 S. E. (2d) 148 (1982).

It is ordered that respondent shall be permanently disbarred from the practice of law in this state. Respondent shall, within ten (10) days of the date of service upon him of this opinion, surrender his license to practice law to the Clerk of this Court and shall comply with any other requirements set out in the Rule on Disciplinary Procedure.

Disbarred.