22615
In The Matter of Joel Price PADGETT, Respondent.
(349 S. E. (2d) 338)

Supreme Court

*Attorney Gen. T. Travis Medlock, Sr. Asst. Atty. Gen. Richard B. Kale, Jr.,* and *Staff Atty. Samuel L. Wilkins,* Columbia, *for complainant.*

*Joseph C. Coleman,* Columbia, *for respondent.*

Heard Sept. 16, 1986.

Decided Oct. 6, 1986.

*Per Curiam:*

The Panel found that respondent failed to maintain adequate records in violation of DR 9-101(B)(3). The members unanimously recommended that respondent receive a public reprimand. The Executive Committee unanimously adopted the Panel's finding and recommendation.

Respondent agreed to hold in trust certain funds given to him by a functionally illiterate, 80 year old man. Additionally, respondent agreed to hold this gentleman's Social Security checks in trust as he received them. Respondent was to pay the man's telephone and fuel bills and then disburse the remaining funds according to the man's directions. In return, respondent was to receive $25.00 every quarter. Respondent testified, however, that he took only one $25.00 payment during the seven and a half years in which he performed this service.

In April or May of 1984, one or more of the checks respondent had issued to pay this man's bills failed to clear the bank. The fuel oil supplier began demanding cash on delivery and the phone bill was several hundred dollars in arrears and past due. Respondent readily admitted that he did not maintain adequate records of the receipts and disbursements of this man's money. Due to respondent's inadequate records, it is impossible to determine exactly what happened to these funds. It is undisputed that the initial

fund and the sum of all the Social Security checks totaled in excess of $20,000. When asked to account for this money, respondent could offer receipts for only a few hundred dollars.

■ This Court has made it abundantly clear that an attorney is charged with a special responsibility in maintaining and preserving the integrity of trust funds. *See Matter of Amick*, 288 S. C. 486, 343 S. E. (2d) 623 (1986); *Matter of James*, 289 S. C. 4, 344 S. E. (2d) 378 (1986); *Matter of Jackson*, 289 S. C. 35, 344 S. E. (2d) 607 (1986); *Matter of Moore and Brown*, 280 S. C. 178, 312 S. E. (2d) 1 (1984).

■ We are aware that the relationship between respondent and the man for whom he was holding money in trust was not the typical attorney-client relationship. Once respondent voluntarily assumed the obligation of handling these funds, he incurred the duty to properly account for them.

■■ The authority to discipline attorneys and the manner by which the discipline is given rests entirely with this Court. *Burns v. Clayton*, 237 S. C. 316, 117 S. E. (2d) 300 (1960). We find 60 days suspension to be the appropriate sanction in this case. It is therefore ordered that respondent Joel P. Padgett be temporarily suspended from the practice of law in this state for 60 days. Since respondent is suspended for a definite period of time, he need not return his certificate to practice to the Clerk of this Court. Respondent must send out the required notices pursuant to Section 30 of the Rule on Disciplinary Procedure and comply with all applicable sections of the Rule. Readmission to practice may be sought pursuant to Sections 37 and 38 of the Rule on Disciplinary Procedure.

Temporary suspension.