527 S.E.2d 360

**In the Matter of E. Pickens RISH, Respondent.**

**No. 25058.**

Supreme Court of South Carolina.

Submitted Dec. 20, 1999.

Decided Jan. 24, 2000.

Clifford O. Koon, Jr., of Columbia, for respondent.

Michael S. Pauley, of Columbia, for the Office of Disciplinary Counsel.

PER CURIAM:

In this attorney disciplinary matter, respondent and the Office of Disciplinary Counsel have entered into an agreement under Rule 21 of the Rules of Disciplinary Enforcement, Rule 413, SCACR. In the agreement, respondent admits misconduct, and consents to a public reprimand. Because respondent has agreed to retire by October 29, 2000, we accept the agreement for a public reprimand.[1]

Respondent was retained to represent Client in a traffic court matter. Respondent agreed to a fee arrangement with Client of $400 payable in monthly installments of $50. At the initial meeting with Client, respondent advised Client that it would be financially beneficial for her to pay the bond, and that his fee was based on his estimates of the time involved in administrative service, preparation for trial, and his representation of Client at a jury trial.

On August 19, 1997, respondent requested a jury trial on Client's behalf. On April 10, 1998, respondent received notice that the case was scheduled for a trial for the week of April 20, 1998. The trial notice instructed respondent to monitor the legal mail system daily to ascertain if the case was scheduled for trial in traffic court the next day. On April 17, 1998, respondent contacted the legal mail system and determined that the case was not scheduled for April 20, 1998. On April 20, 1998, respondent states that, because he was busy and a staff member was out of the office, he did not call the legal mail system as directed by the notice from the traffic court.

---

1. Respondent was previously disbarred from the practice of law in *Matter of Rish*, 273 S.C. 365, 256 S.E.2d 540 (1979). Respondent was thereafter readmitted to the practice of law. *Matter of Rish*, 89–OR–999 (S.C.Sup.Ct. dated July 19, 1989).

The following day, April 21, 1998, respondent attended a deposition out of town in the morning. Upon his return, respondent contacted the legal mail system only to learn that the case was scheduled for trial that very morning. As a result of respondent's failure to appear, Client was tried, convicted *in abstentia,* and ordered to pay a $250 fine. Thereafter, respondent filed a motion to reopen the case.

Client was notified of the fine by the court and she gave the notice to respondent. Respondent paid the $250 fine at the request of Client. Respondent was notified that the hearing on the motion to reopen the case was scheduled for October 26, 1998. Respondent failed to appear at the October 26th hearing, thus denying Client any defense and effectively terminating the case to Client's detriment.

## Conclusion

Respondent has violated numerous provisions of the Rules of Professional Conduct contained in Rule 407, SCACR. Respondent failed to provide competent representation. Rule 1.1. He failed to abide by the client's decisions concerning the objectives of representation, and consult with the client as to the means by which they were to be pursued. Rule 1.2. He failed to act with reasonable diligence and promptness. Rule 1.3. He failed to keep his client reasonably informed about the status of the case. Rule 1.4. He failed to set a reasonable fee. Rule 1.5.

In addition, respondent has violated provisions of the Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR, including Rule 7(a)(1) (violation of the Rules of Professional Conduct); Rule 7(a)(5) (engaging in conduct tending to pollute the administration of justice or to bring the courts or the legal profession into disrepute or conduct demonstrating an unfitness to practice law); and Rule 7(a)(6) (violation of the oath of office taken upon admission to practice law in South Carolina).

Accordingly, respondent is hereby publicly reprimanded. Respondent shall submit his resignation as a member of the Bar by October 29, 2000.

PUBLIC REPRIMAND.