536 S.E.2d 367

**In the Matter of Fred Henderson MOORE, Respondent.**

**No. 25172.**

Supreme Court of South Carolina.

Heard May 23, 2000.

Decided July 17, 2000.

Rehearing Denied Sept. 7, 2000.

2

Russell Brown, of Charleston, for respondent.

Assistant Deputy Attorney General J. Emory Smith, Jr., of Columbia, for the Office of Disciplinary Counsel.

PER CURIAM:

In this attorney grievance matter, respondent committed misconduct relating to his escrow account and failed to timely pay a medical provider.

### FACTS

Respondent had an agreement with Dr. Themy Chakeris whereby respondent would send clients to Dr. Chakeris and respondent would pay their medical bills upon settlement of their legal actions. The Panel [1] found respondent had failed to pay Dr. Chakeris a total of $35,750 from fifty-four settlements.[2] When Dr. Chakeris demanded payment, respondent

---

1. The full Panel adopted the Sub-panel's report on December 24, 1999.

2. Dr. Chakeris's attorney testified that respondent has since paid Dr. Chakeris all that is owed to him. In fact, the final payment was received the day of the Panel hearing.

did not have the funds in his escrow account to pay him. Respondent eventually paid Dr. Chakeris through installments. The Panel also found respondent disbursed money to himself on many occasions from his escrow account. The canceled checks did not have notations on them. Respondent claimed that the disbursements were attorney's fees and also some of his own personal money. He testified that he had deposited proceeds from the sale of some of his property and had intended to make payments to his ex-wife through his escrow account so that he would have some documentation of the payments.

Respondent testified his escrow account problems stemmed from forgeries and embezzlement of the escrow account by a former law partner. The Panel found respondent had failed to prove the allegations of embezzlement were the cause of respondent's failure to pay Dr. Chakeris or properly maintain his escrow account. Further, the Panel found if the embezzlement involved only attorney's fees, as respondent testified, then the money from the settlements which should have been paid to Dr. Chakeris would have been in the escrow account. The Panel found respondent lacks an appreciation of the duties and responsibilities associated with keeping an escrow account and recommended disbarment.

There is also a procedural issue which the Office of Disciplinary Counsel (ODC) has raised. The initial complaint was filed on January 30, 1998. Respondent filed an answer on March 4, 1998. A supplemental complaint was filed on July 24, 1998. Respondent failed to answer and the ODC filed an affidavit of default on the supplemental charges on September 14, 1998. On September 18, 1998, respondent filed an answer denying the allegations. At the Panel hearing held on October 7, 1999, respondent moved to be allowed to answer and not be deemed in default. The Panel ruled that respondent should be allowed to answer. The hearing then began but only the allegations in the initial complaint were tried because the ODC did not bring its witnesses for the allegations in the supplemental complaint. After the hearing, the Panel issued a written report on March 3, 1999, granting respondent's request to file an untimely answer and explaining its reasons for

4

allowing respondent to answer.[3] The ODC filed an exception to the Panel's failure to hold respondent in default. The ODC wants us to decide if a respondent can be allowed to file an answer after the time to answer has expired.

## DISCUSSION

We may make our own findings of fact and conclusions of law and are not bound by the Panel's recommendation. *Burns v. Clayton*, 237 S.C. 316, 117 S.E.2d 300 (1960). While we are not bound by the findings of the Panel, their findings are entitled to great weight. *Id.* We must administer the sanction we deem appropriate after a thorough review of the record. *In re Kirven*, 267 S.C. 669, 230 S.E.2d 899 (1976).

In the matter of improperly using his trust account and insufficient recordkeeping, we find respondent violated Rule 1.15, of Rule 407, SCACR, by commingling funds and using the trust account for personal purposes and Rule 417, SCACR, by failing to maintain trust account records. Respondent contends that since Rule 417, was not adopted until January 1, 1997, after respondent's misconduct, he could not have violated that rule.[4] We disagree. Respondent testified that he wrote checks out of his escrow account in February 1997 for personal reasons and without notations on them.[5] Clearly, respondent violated Rule 417 after it was enacted.[6]

---

3. The Panel did not want to punish respondent for what it viewed as respondent's attorney's negligence in failing to timely answer and the fact that the ODC was not prejudiced by allowing respondent to answer.

4. Under Rule 417, effective January 1, 1997, a lawyer must keep adequate records showing the date, source or payee, and description of each deposit and disbursement in any bank account which affects the lawyer's practice of law.

5. The misconduct involving the failure to pay Dr. Chakeris took place prior to January 1, 1997.

6. We recently held that an attorney has always been charged with a special responsibility in maintaining and preserving the integrity of trust funds. *In re Miles*, 335 S.C. 242, 516 S.E.2d 661 (1999) (definite suspension for six months for failing to timely pay medical provider) (citing *In re Padgett*, 290 S.C. 209, 349 S.E.2d 338 (1986) (suspending attorney who failed to maintain adequate records in a single case)).

■■■ We recently held that "[w]hen disciplinary counsel presents clear and convincing evidence of trust account violations or other inadequate recordkeeping, a lawyer's records must be sufficiently detailed to overcome the allegations." *Miles*, 516 S.E.2d at 663. Here, respondent has failed to show adequate recordkeeping to overcome the ODC's allegations. As noted by the Panel, the allegations of forgery and embezzlement would not explain respondent's failure to keep proper records and documentation, to make notations on the checks, or to pay Dr. Chakeris.

■■■ As for the default issue raised by the ODC, we hold the Panel has the authority to allow a respondent to answer even though the time to answer has expired. Rule 23, RLDE, provides "[t]he respondent shall file a written answer with the Commission and serve a copy on disciplinary counsel within 30 days after service of the formal charges, unless the time is extended by the hearing panel." The ODC contends that upon the expiration of the thirty days, there is no authority for an extension. We disagree.

The hearing Panel has the authority pursuant to Rule 9, RLDE, which states "the South Carolina Rules of Civil Procedure apply in lawyer discipline and incapacity cases." Rule 55(c), SCRCP, provides that "[f]or good cause shown the court may set aside an entry of default and, if a judgement by default has been entered, may likewise set it aside in accordance with Rule 60(b)." The standard for setting aside an entry of default is whether "good cause" exists under Rule 55(c), whereas the standard to set aside a judgment of default is "excusable neglect" under Rule 60(b).[7]

The Supplemental Complaint was filed on July 29, 1998. Respondent did not timely answer. At the Panel hearing on October 7, 1998, respondent moved to be allowed to answer which is well within the year time limit of Rule 60. Accordingly, we hold the Panel had the authority to allow respondent to answer and the Supplemental Complaint should now go forward.

---

7. We note Rule 55(c), SCRCP, should be liberally construed so as to promote justice and dispose of cases on the merits. *In re Estate of Weeks*, 329 S.C. 251, 495 S.E.2d 454 (Ct.App.1997).

Respondent has an extensive prior disciplinary record: private reprimand on May 5, 1972; public reprimand on September 4, 1980, for neglect of several legal matters; indefinite suspension on January 24, 1984, for trust account violations; suspension February 2, 1994, for failure to pay bar fees; private reprimand on October 31, 1995; suspension on February 9, 1994, for failure to meet CLE requirements; and definite suspension for one year on December 16, 1997, for incompetence and neglect. Accordingly, respondent is hereby disbarred for his misconduct. Within fifteen days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30, RLDE, Rule 413, SCACR.

**DISBARRED.**