550 S.E.2d 308

**In the Matter of Michael A. DEVINE, Respondent.**

**No. 25327.**

Supreme Court of South Carolina.

Heard June 6, 2001.
Decided July 23, 2001.

Attorney General Charles M. Condon and Assistant Deputy Attorney General J. Emory Smith, Jr., both of Columbia, for the Office of Disciplinary Counsel.

Charles J. Hodge and Thomas B. Cabler, both of Spartanburg, for respondent.

PER CURIAM:

In this attorney discipline matter, the panel recommends the Court indefinitely suspend Michael A. Devine ("Devine") from the practice of law to run from the date of his interim suspension on March 19, 1998. The panel further recommends the Court require Devine to meet the following requirements before he is re-admitted: (1) attend a South Carolina Bar approved CLE program on office management; (2) provide satisfactory evidence of substance abuse counseling and treatment for the last twelve months; (3) file with the Clerk of the South Carolina Supreme Court medical statements certifying his emotional and medical ability to practice law; and (4) make full restitution to the Client Security Fund for all sums paid to

victims, or to the victim if not paid by the Client Security Fund, in the amounts set forth herein. We concur and impose the recommended sanction.

## FACTUAL/PROCEDURAL BACKGROUND

Devine is a resident of Spartanburg County. On March 19, 1998, this Court placed him on interim suspension from the practice of law. *In re Devine,* 330 S.C. 36, 496 S.E.2d 870 (1998). The Court appointed William U. Gunn, Esq. to assume responsibility for Devine's client files, trust accounts, escrow accounts, operating accounts, and other law firm accounts. *Id.* Devine stipulated to the following facts.

## I. Boswell Matter

Devine held $10,312.98 in trust for Christopher Boswell ("Boswell"). This sum represented the amount of money Boswell received from his father's estate. Boswell paid Devine $5,000 of these funds to represent him on the following three sets of criminal charges: (1) receiving stolen goods; (2) burglary; and (3) DUI 3rd, leaving the scene of an accident, and no seatbelt. Devine was then suspended. Boswell worked out the stolen goods and burglary charges with the Solicitor without the aid of an attorney. Boswell hired another attorney to handle the DUI and other related charges.

Prior to his suspension, Devine accepted another potential criminal matter for Boswell concerning a possible arson charge. Boswell agreed that $3,000 of the money from his father's estate could be used by Devine if he was ever charged with arson. Boswell was never charged, and Devine retained the $3,000.

The Client Security Fund paid Boswell $10,012.98 of his total claim of $11,012.98. Devine stipulates he misadvised Boswell concerning these matters. According to Devine, during this period he was experiencing multiple personal problems, including a divorce and a controlled substance abuse problem. He claims he has received counseling for these problems and believes he has them under control.

## II. Other Cases

Devine stipulates he received $16,015 in attorney's fees from clients when he did little or no work to earn these fees. He agrees that each of the following clients should receive a refund of their fees: Terry Bent Thomas, $1,750; Horace Steven Wall, $500; Lori Bright, $500; Robert Hammett, $2,070; Samuel Hutchins, $505; Woodson Keller, II, $5,000; Kenneth and Helen Gosnell, $200; Angela Nelson, $1,500; Charles and Gladys Murphy, $650; Diane Huey, $570; John Newman, $2,470; and Christina Lambert, $300.

## III. Other Stipulations

Devine also stipulates to the following facts: (1) his trust account reflected negative balances and charges and over-drafts in 1996, 1997, and 1998; (2) he misadvised clients as to the status of their cases; (3) he misrepresented to a circuit court that a client wanted to withdraw an appeal from a magistrate's court decision when the client actually wanted to appeal; (4) he failed to appear in court for scheduled hearings; (5) he failed to communicate with numerous clients, including failing to return phone calls; (6) he at times operated without a license and kept his office closed without notification to clients on how to reach him; and (7) he failed to respond to communications from the Office of Disciplinary Counsel, including letters requesting responses to complaints and notices of full investigation.

On June 30, 1999, Devine was served with a Notice of Filing of Formal Charges and Formal Charges in this matter. Devine filed an Answer on July 26, 1999.

On September 8, 1999, a hearing was held before the sub panel. Devine and the Office of Disciplinary Counsel entered into two sets of Stipulations. The parties also agreed to receive into evidence a report of the payments made by the Client Security Fund in response to Devine's claims. On January 9, 2001, the full panel adopted the sub panel's report, which recommended an indefinite suspension. Neither party filed exceptions or briefs in response to the panel's report.

The authority to discipline attorneys and the manner in which the discipline is given rests entirely with this Court. *In re Yarborough*, 337 S.C. 245, 524 S.E.2d 100 (1999). Although this Court is not, in an attorney disciplinary proceeding, bound by the findings made by the panel or by the Commission itself, these findings are entitled to great weight. *Id.* This Court may make its own findings of fact and conclusions of law in an attorney disciplinary proceeding. *Id.* Furthermore, an attorney disciplinary violation must be proven by clear and convincing evidence. *Id.*

Regarding all matters, the panel found Devine breached several Rules of Professional Conduct, Rule 407, SCACR, and Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR. The panel found violations of the following rules: (1) Rule 1.15, Rule 407, SCACR, misappropriating client funds; (2) Rule 1.15, failing to deliver funds to a client or third person; (3) Rule 1.15, failing to render promptly a full accounting regarding property of the client or third person; (4) Rule 8.4(d), engaging in conduct involving dishonesty, deceit, and misrepresentation; (5) Rule 8.4(b), committing a criminal act that reflects adversely on a lawyer's honesty, trustworthiness, or fitness as a lawyer; (6) Rule 4.1(a), making a false statement of material fact or law to a third person; (7) Rule 3.3(a)(1), making a false statement of material fact or law to a tribunal; (8) Rule 1.3, failing to act with reasonable diligence and promptness in representing a client; (9) Rule 1.4(a), failing to keep clients reasonably informed and responding promptly with requests for information; (10) Rule 1.1, failing to represent clients competently; (11) Rule 8.1(b), failing to cooperate with disciplinary investigations; (12) Rule 8.4(a), violating the Rules of Professional Conduct; (13) Rule 8.4(e), engaging in conduct prejudicial to the administration of justice; (14) Rule 413, engaging in conduct tending to pollute the administration of justice or to bring the courts or legal profession into disrepute; (15) Rule 413, engaging in conduct demonstrating unfitness to practice law; and (16) Rule 417, SCACR, failing to maintain appropriate financial records.

## CONCLUSION

Based on Devine's rehabilitation and the panel's recommendation, we indefinitely suspend Devine from the practice of law. The commencement point for this suspension will be the date of Devine's interim suspension, March 19, 1998. In addition to the requirements of Rule 33(f), Rule 413, SCACR, Devine must meet the following requirements before he can be re-admitted to the practice of law: (1) attend a South Carolina Bar approved CLE program on office management; (2) provide satisfactory evidence of substance abuse counseling and treatment for the last twelve months; (3) file with the Clerk of the South Carolina Supreme Court medical statements certifying his emotional and medical ability to practice law; and (4) make full restitution to the Client Security Fund for all sums paid to victims, or to the victim if not paid by the Client Security Fund, in the amounts set forth herein. Furthermore, we find Devine responsible for $302.86, the costs incurred by the Commission in this matter. Devine shall file, within fifteen days of this opinion, an affidavit with the clerk of this Court stating he has complied with Paragraph 30 of Rule 413, SCACR.

**INDEFINITE SUSPENSION.**

TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.