567 S.E.2d 868

**In the Matter of Mack Arthur SMITH, Respondent.**

**No. 25506.**

Supreme Court of South Carolina.

Heard May 30, 2002.

Decided July 29, 2002.

Attorney General Charles M. Condon and Senior Assistant Attorney General James G. Bogle, Jr., both of Columbia, for the Office of Disciplinary Counsel.

Mack Arthur Smith, of Florence, pro se.

PER CURIAM:

This opinion resolves two separate attorney disciplinary matters involving Respondent.

The first is a default matter which includes approximately twenty-five counts of practicing law while under suspension and allegations that, during the suspension period, Respondent continued to maintain a trust account which occasionally had a negative balance. The second consolidates two separate disciplinary matters: one count of practicing under suspension, and one criminal conviction arising from Respondent's June 2000 plea to attempted possession of powder cocaine. We impose a six month suspension in the first case and a concurrent eighteen month suspension in the second case, both retroactive to Respondent's interim suspension on February 16, 2000.[1] The two cases are discussed separately below.

---

1. This Court suspended Respondent on this date following his indictment for possession of crack cocaine.

## A. Case # 1

On February 1, 1999, Respondent's membership in the South Carolina Bar was terminated because he failed to pay his 1999 Bar dues. Thereafter, he continued to practice law in violation of Rule 410(d), SCACR, which prohibits a person from engaging in the practice of law in South Carolina if he is not in good standing with the Bar. In addition to the twenty-five allegations of practicing under suspension, the complaint in this matter also alleges that Respondent's trust account had a negative balance on several occasions.[2]

On August 21, 2000, Respondent was personally served with the Notice of Filing of Formal Charges and the formal charges. Respondent did not file an answer nor seek an extension to answer within the thirty day period provided by Rule 23(a), Rule 413, SCACR. On October 3, 2000, Disciplinary Counsel filed an Affidavit of Default. On October 13, 2000, Disciplinary Counsel received an Answer with a cover letter dated September 25, 2000. The envelope containing these documents was postmarked October 11, 2000. On or about October 11, Respondent filed a motion to be allowed to file a late answer.

The subpanel found that by his failure to timely file an answer, Respondent was in default and deemed to have admitted the formal charges. *See* Rule 24(a), Rule 413, SCACR. The subpanel also found:

(1) Respondent failed to pay his 1999 Bar dues and his membership in the South Carolina Bar was terminated February 1, 1999;

(2) After February 1, 1999, Respondent engaged in the unauthorized practice of law and/or the practice of law without a proper license by representing twenty-five individuals in various civil and criminal matters; and

(3) In six of the first eight months of 1999, Respondent's trust account statement reflected a negative balance.

The subpanel concluded that Respondent violated the following provisions of the Rules for Lawyer Disciplinary Enforcement (RLDE), Rule 413, SCACR:

---

**2.** There is no contention that any client suffered any loss as the result of these trust account deficits.

(1) Rule 7(a)(1) by violating a Rule of Professional Conduct;

(2) Rule 7(a)(5) by engaging in conduct tending to pollute the administration of justice or to bring the legal profession into disrepute or demonstrate an unfitness to practice law; and

(3) Rule 7(a)(6) by violating the oath of office taken upon his admission to practice law.

Further, the subpanel found two violations of the Rules of Professional Conduct (RPC), Rule 407, SCACR: Rule 5.5(a), practicing law in violation of the rules and regulations of the jurisdiction, and Rule 8.4, misconduct. Finally, it concluded Respondent had violated Rule 410(d), SCACR, which prohibits any person from engaging in the practice of law in South Carolina who is not in good standing with the South Carolina Bar.

The subpanel recommended Respondent be required to pay the costs of the proceedings and be suspended for six months and one day.[3] Respondent filed exceptions to the subpanel's report. The full panel adopted the subpanel's report and recommendations. Respondent has filed a brief with this Court.

■ Respondent contends the subpanel erred in holding him in default for failure to timely answer the formal charges. He claims that he should have been allowed to file a belated answer because he was not receiving his mail in a timely manner. Whether his mail was delayed is irrelevant here, however, since Respondent was personally served with the Notice of Filing of Formal Charges and the formal charges.

The standards for setting aside a default and allowing a late answer is found in the SCRCP. *In re Moore,* 342 S.C. 342 S.C. 1, 536 S.E.2d 367 (2000). Respondent has shown no cause, much less good cause, for his failure to timely respond to the formal charges. *See* Rule 55(c), SCRCP. Accordingly,

---

**3.** At the time the subpanel and full panel reports were issued, an attorney who received a definite suspension of more than six months was required to petition the Supreme Court for reinstatement. The rule has since been amended to impose this requirement on attorneys who are suspended for a minimum of nine months. Rule 33, Rule 413, SCACR.

we find no abuse of discretion in the subpanel's refusal to set aside the default.

Since Respondent is deemed to have admitted the factual allegations of the suspension charges and the trust account deficits, the sole issue remaining is that of the appropriate sanction. The authority to discipline attorneys and the manner in which the discipline is given rests entirely with this Court. *E.g., In re Purvis*, 347 S.C. 605, 557 S.E.2d 651 (2001). While Respondent cannot contest the formal charge's allegations that the South Carolina Bar sent him notice of his failure to pay his 1999 Bar dues, there is neither an allegation nor any evidence of Respondent's actual receipt of the Bar's notice. Although Respondent had constructive notice that he had not paid his dues, we find that a lesser sanction than that recommended by the subpanel is warranted here. Similarly, while there were minor deficits in Respondent's trust account, there is no contention that any client money was lost or compromised. We therefore impose a six month suspension, retroactive to February 1, 2000, and require Respondent to pay the costs assessed by the subpanel in Case # 1.

## B. Case # 2

In January 2000, Respondent was indicted for possession of crack cocaine. He pled guilty to attempted possession of powder cocaine in June 2000, and this case involves, in part, the appropriate disciplinary sanction for this plea. The second disciplinary infraction involved in Case # 2 is a finding that Respondent practiced law while under suspension when he assisted a woman in procuring a name change in November 2000.

The subpanel concluded that Respondent had performed legal services while under suspension and that attempted possession of cocaine was a serious crime. It found Respondent violated the following RLDE found in Rule 413, SCACR:

(1) 7(a)(1) by violating a Rule of Professional Conduct;

(2) 7(a)(3) by violating a valid order of the Supreme Court;

(3) 7(a)(4) by his conviction for a serious crime;

(4) 7(a)(5) by engaging in conduct tending to pollute the administration of justice or bring the legal profession into disrepute; and

(5) 7(a)(6) by violating the oath of office.

The subpanel also found Respondent violated Rules 5.5(a) and 8.4(a), (b), (c), (d), and (e) of Rule 407, and Rule 410(d), SCACR. It recommended Respondent be indefinitely suspended and that he be required to pay the costs of the proceedings.

Respondent filed objections to the subpanel's report. The full panel adopted that report, and Respondent has raised several issues in his brief to this Court.

■ Respondent first contends the subpanel erred in finding he engaged in the unauthorized practice of law when he assisted a woman in obtaining a name change. We disagree. The women testified that Respondent filled out paperwork and drafted the complaint for her, and that he charged her $100 for his services. The preparation of pleadings and the giving of advice in connection with the name change constitute the practice of law. *E.g., State v. Robinson*, 321 S.C. 286, 468 S.E.2d 290 (1996). Clear and convincing evidence supports the finding that Respondent practiced law while under suspension. *E.g., In re Devine*, 345 S.C. 633, 550 S.E.2d 308 (2001).

■ Respondent next contends that attempted possession of powder cocaine is not a "serious crime" subjecting him to discipline. We disagree. Among other definitions,[4] a serious crime is one that "reflects adversely on the lawyer's honesty, trustworthiness or fitness" to practice law. Rule 2(z), RLDE, Rule 413, SCACR. The attempt to commit a serious crime, in and of itself, subjects an attorney to discipline. *Id.* We hold possession of powder cocaine is a serious crime because it reflects adversely on an attorney's fitness to practice law. Respondent's attempt to possess cocaine is therefore a serious crime as well. *Id.*

■ Respondent's remaining contentions challenge the constitutionality of the subpanel's recommendation of an indefinite suspension in this case. We perceive no constitutional infirmity in this recommendation, but hold that the appropriate sanction is an eighteen month suspension, retroactive to February 16, 2000, and concurrent with the six month suspen-

---

4. *See also* full text of Rule 2(2), and Rule 7(a)(4), RLDE, Rule 413, SCACR.

sion imposed in the first case. Respondent shall also pay the costs assessed by the subpanel.

## C. Conclusion

Respondent's concurrent six month and eighteen month suspensions are retroactive to February 16, 2000. Prior to applying for readmission under Rule 33, RLDE, Rule 413, SCACR, Respondent shall pay the costs of these two proceedings and comply with any requirements imposed by, and pay all dues and fees required by, the South Carolina Bar and the Commission on Continuing Legal Education and Specialization.

DEFINITE SUSPENSION.

MOORE, A.C.J., WALLER, BURNETT, PLEICONES, JJ., and Acting Justice GEORGE T. GREGORY, Jr., concur.