N. D. Suttles v. Florida Real Estate Commission
*Ex Rel.* N. B. O'Kelley, Jr.

190 So. 433
Division B
Opinion Filed July 7, 1939
Rehearing Denied July 27, 1939

*Stanton Walker* and *H. T. Rogers,* for Appellant.
*W. H. Poc* and *L. E. Broome,* for Appellee.

CHAPMAN, J.—The Florida Real Estate Commission filed Information No. 222, consisting of five counts, and Information No. 247 under Section 4087 C. G. L., against N. D. Suttles, seeking to revoke or suspend his license as a real estate broker or salesman. The defendant Suttles filed an answer to each count of Information No. 222 and to Information No. 247. For the purpose of a hearing, the different charges were consolidated, evidence offered by the respective parties, and the case submitted to the Circuit Court of Duval County on final hearing.

On January 9, 1939, the Honorable Bayard B. Shields, on final hearing, entered an order dismissing counts 1, 2, 3 and 5 of Information No. 222, and sustaining count 4 of Information No. 222, and Information No. 247. The Court held that from the facts offered in support of the counts, *supra,* defendant had violated Section 26 of Chapter 12223, Laws of Florida, Acts of 1927, and that his registration as a real estate broker be suspended for a period of six months under count 4 of Information No. 222 and Information No. 247, and that the imposed suspension order run concurrently for a period of six months.

From this order of suspension an appeal has been perfected here, and counsel for appellant has assigned as error the findings of fact under count 4 of Information No. 222, and Information No. 247. Counsel for appellee has filed cross assignments of error on the findings of fact made by the lower court in dismissing counts 1, 2, 3 and 5 of Information No. 222. The case was orally argued at the bar of this Court and elaborate briefs filed covering every phase of the case. We have read the evidence considered by the lower court and examined the numerous exhibits offered in evidence by counsel for the re-

spective parties during the progress of the trial. We do not think or believe that the cross assignments of error made by counsel for appellee in this Court have merit. The lower court, from the evidence offered, was justified in entering an order, or orders, dismissing on final hearing counts 1, 2, 3 and 5 of Information No. 222.

Considerable testimony was taken by the respective parties under the charges contained in count 4 of Information No. 222 and Information No. 247. The court below set out the facts, as shown by the record, in connection with these charges. It is the duty of this Court to affirm the findings of fact on the part of the lower court where an abuse of discretion is not shown. We cannot say from a study of the entire record that the lower court abused its discretion in reaching the conclusion expressed in the final decree appealed from to this Court. On the other hand, we find much testimony to sustain his conclusions. We would not be justified in interfering with the conclusions of fact under count 4 of Information No. 222 and Information No. 247 as made by the lower court.

There is an extenuating circumstance connected with the record in this case that addresses itself to the sound discretion of the court in assessing punishment. The appellant here has been in the business of a realtor in Florida for approximately 27 years, and during this period, according to the record, he has handled transactions involving large sums of money and at no time or on other occasion has the propriety of his business dealings been called into question. He explained, while on the stand, that the complaints as expressed in the different counts of the information were due largely to the type of business handled in that the property was cheap and the owners in some instances, in bad financial circumstances, and that his record was without a blemish until he undertook to handle cheap property. The record

shows that the property handled, and upon which the complaints are based, substantiates appellant's contention.

When the record is reviewed as an entirety and in consideration of appellant's lengthy service as a realtor in Florida, his age as a citizen, and many other innumerable items composing his business career, we are inclined to the view that the judgment of suspension for six months running concurrently under count 4 of Information No. 222 and Information No. 247 is excessive. We think a suspension of sixty days under count 4 of Information No. 222 and Information No. 247 is and should be the extreme limit and that the same should run concurrently.

The order appealed from is affirmed but the cause is remanded for the entry of an order of punishment of the court below for a period of time not inconsistent with this opinion.

It is so ordered.

TERRELL, C. J., WHITFIELD, BUFORD and BROWN, J. J., concur.

Justice THOMAS not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.