N. D. SUTTLES, v. FLORIDA REAL ESTATE COMMISSION, ex rel.
N. B. O'KELLEY, Jr.

12 So. (2nd) 176                                    January Term, 1943
March 2, 1943                                          Division B

*Lloyd Bass,* for appellant.

*T. P. Warlow, Jr.,* for appellee.

SEBRING, J.:

Appellant was informed against by the Florida Real Estate Commission for violating certain sub-sections of Section 4087, Compiled General Laws of 1927. After voluminous testimony was taken before an examiner appointed by the chairman of the Commission, the record was certified to the Circuit Court of Duval County for further proceedings according to law. Upon final hearing upon the information, the answer, and the transcript, the circuit judge made certain findings of fact, in accordance with the statute; and entered his order suspending the registration of appellant as a real estate broker, for a period of three years.

The contention of the appellant made here is that the information improperly contained charges concerning various transactions which were contained in a prior proceeding and judgment adjudicated and determined by this Court in Suttles v. Florida Real Estate Commission, ex rel. O'Kelley, 139 Fla. 210, 190 So. 433, wherein this Court sustained a suspension of appellant for a period of 60 days; and that the trial court in the proceedings now before the court erroneously considered these transactions in arriving at its present judgment.

The findings of the court below speak for themselves. The order entered by the lower court recites:

"That this case is based upon four transactions styled variously the Ashton transaction, the Griffin transaction, the Moran transaction and the Dolive transaction. There were certain other transactions listed in the information obviously not for the purpose of invoking the penalties of the act directly but to show that the conduct of the defendant had been previously called into question. These transactions are not material except as they bear upon a mitigation or aggravation of the penalty."

An inspection of the record will reveal that there was

434

ample evidence to sustain an order of suspension based on the four transactions referred to. The court was authorized to take the transactions which were the basis of the prior suspension order into account for the purpose of determining the degree of culpability. Ahern v. Florida Real Estate Commission, ex rel. O'Kelley, 149 Fla. 706, 6 So. (2nd) 857.

By the order of the circuit judge, the registration of the appellant as a real estate broker was suspended for a period of three years. In the various transactions complained of there was misrepresentation, concealment, dishonest dealing and fraud. When it is considered that there is involved in the relation of real estate broker and client a measure of trust analogous to that of an attorney at law to his principal, we cannot say, in the light of the whole record, that the term of suspension was excessive.

The judgment is affirmed. It is ordered.

BUFORD, C. J., BROWN and THOMAS, JJ., concur.