## L. A. PORTER v. TENNESSEE REAL ESTATE COMMISSION (Howard F. Roth).—271 S. W. (2d) 21.

Middle Section. February 26, 1954.

Petition for Certiorari denied by Supreme Court, July 23, 1954.

Z. T. Osborn, Jr., of Nashville, for plaintiff in error.

B. B. Gullett, of Nashville, for defendant in error.

HOWELL, J. This case originated by a citation issued by the Tennessee Real Estate Commission to the defendant L. A. Porter to appear and show cause why his license as a real estate broker should not be revoked for violation of Subsection (a), (c), (h) and (j) of Section 12, Chapter 258, Public Acts of Tennessee of 1951.

A hearing was held and the license of the defendant was revoked. The defendant perfected an appeal from this action of the Board to the Circuit Court of Davidson County where a hearing was held and the Court decreed that the defendant L. A. Porter was guilty of violating the provisions of the act above referred to, as alleged in the citation and his license as a real estate salesman was suspended for one year.

The defendant has appealed to this Court from the action of the trial Judge in suspending his license for one year and has assigned errors.

The Sections of the Act, Chapter 258 Acts of 1951 upon which the citation was based are as follows:

"Sec. 12. Be it further enacted, That the Commission shall have power to revoke or suspend licenses as herein provided. The Commission may upon its own motion, and shall upon the verified complaint in writing of any person, provided such complaint with the evidence, documentary or otherwise, presented in connection therewith, shall make out a prima facie case, hold a hearing as hereinafter provided and investigate the actions of any real estate broker or real estate salesman, or any person who

shall assume to act in either such capacity, and
shall have power to suspend or revoke any license
issued under the provisions of this Act at any time
where the licensee has by false or fraudulent repre-
sentations obtained a license or where the licensee in
performing or attempting to perform any of the acts
mentioned herein is deemed to be guilty of:

"(a) Making any substantial and willful misrepre-
sentations, or * * *

"(c) Pursuing a continued and flagrant course of
misrepresentation or making of false promises
through agents or salesmen or advertising or other-
wise, or * * *

"(h) Being unworthy or incompetent to act as a
real estate broker or salesman in such manner as to
safeguard the interests of the public, or * * *

"(j) Any other conduct whether of the same or a
different character from that hereinbefore specified
which constitutes improper, fraudulent or dishonest
dealing."

It was specifically charged that the defendant violated
the above law in a real estate transaction involving a
piece of property know as 503 McGavock Lane in Da-
vidson County, in that while acting as an agent between
the buyers Mr. and Mrs. Howard Roth and the sellers
Mr. and Mrs. Charles O. Stumpf, he negotiated a contract
between these buyers and sellers and subsequently pro-
moted a sale of the same property to a second purchaser
without regard to the contract previously entered into,
and made misrepresentations to Mr. and Mrs. Roth in
advising them that the property had been sold to another
purchaser by another agent employed in the same office
as defendant.

This was not true. The defendant negotiated the sale and closed it later himself with the purchasers, the Kennedys.

The record amply sustains the finding of the trial Judge that the defendant did act improperly and unfairly toward the proposed purchasers of the property while he held a cashier's check for $1,000 as a deposit upon the puchase. The record further discloses that the defendant had agreed to pay $50 for the title guarantee certificate for the Roths and had not agreed to pay this amount in the sale to the second proposed purchasers, the Kennedys.

When the Roths purposed to pay the balance of the cash payment $400, the defendant told them that the property had been sold by another agent. This statement was not true. When asked about this the defendant replied "Well I misrepresented sir. I misrepresented I am sorry to say."

It was the duty of the defendant to act honestly and fairly, not only with the sellers but also with the proposed purchasers and especially after they had signed the contract to buy the property and had made a deposit with him to show good faith.

We are constrained to the conclusion that the defendant violated the terms of the act above quoted when he wilfully misrepresented material facts in connection with the sale of the property involved and that there is no error in the action of the trial Judge in suspending his license for one year.

The assignments of error are overruled and the judgment of the Circuit Court is affirmed.

The plaintiff in error will pay the costs.

Affirmed.