20301

SOUTH CAROLINA REAL ESTATE COMMISSION, Respondent, v.
R. Trippett BOINEAU, Appellant.

(230 S. E. (2d) 440)

*Messrs. Frank K. Sloan,* and *Wilburn Brewer, Jr.,* of *Nexsen, Pruet, Jacobs & Pollard* and *Walter W. Brooks,* of Columbia, *for Appellant,*

*Messrs. Daniel R. McLeod, Atty. Gen.,* and *Timothy G. Quinn,* of Columbia, *for Respondent,*

November 8, 1976.

LITTLEJOHN, Justice:

The issue in this appeal is whether the Court of Common Pleas for Richland County erred in revoking the South Carolina Real Estate Broker's License of R. Trippett Boineau (appellant).

The matter was first heard before the South Carolina Real Estate Commissioner, Honorable Ralph H. Baer, Jr. The appellant was directed to appear before the commissioner to answer charges made against him, alleged to be sufficient grounds for revocation of his license. After that hearing, the commissioner ordered that the appellant's license be revoked. The order of the commissioner was appealed to the South Carolina Real Estate Commission and was affirmed.

Thereafter, the appellant appealed the revocation of his license to the Court of Common Pleas for Richland County. The case was tried *de novo* as an equity matter and the action of the Commission was affirmed. This appeal followed.

Sections 56-1545 to —1545.22, Code of Laws of South Carolina (1962) *as amended* (Supp. 1975), regulate the actions and behavior of real estate brokers in South Carolina. Section 56-1545.16 provides that the Commission shall have the power to revoke a real estate broker's license if he is found guilty of any of the following:

"(1) Making any substantial misrepresentation.

"(2) Making any false promises of a character likely to influence, persuade, or induce.

"(3) Pursuing a continued and flagrant course of misrepresentation, . . .

"(4) Any conduct in a real estate transaction which demonstrates bad faith, dishonesty, untrustworthiness or incompetency in such a manner as to endanger the interest of the public.

". . .."

The lower court found that there were four transactions in which the appellant violated the statutory standards and common law rules governing the actions and behavior of licensed real estate brokers.

We copy the charges relating to these four transactions from the notice of hearing served upon the appellant:

"2. That on May 30, 1972, you falsely represented to representatives of Lake Dogwood Associates, Inc., and to Leesburg Associates that in consideration of an extension of time within which to close a real estate transaction, you would pay the sum of Thirty Thousand and no/100 ($30,-000.00) dollars, at which time you knew or should have known that insufficient funds were available to you to honor your commitment, all in violation of § 56-1545.16, Code of Laws of South Carolina, 1962;

"3. That you did enter into a real estate transaction with Henry E. Ingram, Jr. whereby you agreed to purchase 169 acres of land situate in Union County from him under the following conditions: The property was to be transferred to you and you were to place a Twelve Thousand and no/100 ($12,000.00) dollar mortgage on the said property at which time you were to transfer the property back to Mr. Ingram until such time as the total sales price was paid; in violation of this agreement you falsely and fraudulently placed a Forty Thousand and no/100 dollar mortgage on this property prior to reconveying it to Mr. Ingram; . . ..

"6. That you did enter into a real estate transaction with one Ralph Smith, enticing him to deal with you on the basis of a financial statement which you asserted as being yours, and which reflected a net equity of $20,637,747.no/100, which financial statement was false and utilized for fraudulent purposes; the personal note referred to being unpaid, the property which was the subject of the transaction was encumbered by you with a mortgage which was allowed to be foreclosed upon;

"7. That you did pledge and deliver a savings passbook to one Ed Riser as security for a $40,000.00 loan after which you filed an affidavit with American Bank and Trust stating that you had lost or misplaced your passbook and withdrew the proceeds from your account, which destroyed the security you had previously given;

. . .."

After discussing in detail these charges and the evidence which was before the lower court, the judge concluded:

"There is no question in this Court's mind, but that the behavior of Mr. Boineau, with respect to the four transactions detailed above, is such that the South Carolina Real Estate Commission was completely justified and correct in the revocation of Mr. Boineau's Real Estate Broker's License . . .."

The judgment of the trial court is based upon findings of fact which are clearly correct, and we would dismiss the appeal under Rule 23 of our Rules of Practice except for the fact that we are of the view that an opinion has precedential value of considerable interest to both the Commission and realtors throughout the state.

The appellant submits twenty exceptions to the order of the lower court, framing for our consideration eleven questions as set out in his brief. Actually there are fewer issues; all have been considered.

The principal issue is the appellant's contention that in all of these four transactions he was acting not as a real estate broker, but on his own behalf. He argues that the grounds set forth for revocation of a real estate license, as quoted hereinabove, apply solely to activities of a broker while acting in his broker capacity. We disagree. Even as members of the bar are subject to disciplinary procedures for conduct not strictly related to the practice of law, realtors may have their licenses revoked for conduct not strictly related to a transaction in which they are acting as broker.

In *McKnight v. Florida Real Estate Commission,* Fla. App., 202 So. (2d) 199 (1967) the court, discussing a similar situation, noted that "it would be ludicrous to construe the statutes to mean that a broker to be answerable to the Real Estate Commission must commit the unlawful acts when engaged in real estate negotiations but should he commit the same unlawful acts when not engaged in real estate negotiations be would still be of good character and beyond the Commission's jurisdiction."

In addition to our statutory grounds, it is generally held that a showing of dishonesty is a ground for revocation or suspension of a real estate broker's license, whether or not there is a statute specifically so providing. 12 Am. Jur. (2d), *Brokers,* § 19 at 788; citing *Brecheen v. Riley,* 187 Cal. 121, 200 P. 1042; *Suttles v.*

*Florida Real Estate Commission,* 152 Fla. 432, 12 So. (2d) 176; *Ranke v. Michigan Corporation and Securities Commission,* 317 Mich. 304, 26 N. W. (2d) 898; *Porter v. Tennessee Real Estate Commission* (38 Tenn. App. 208, 271 S. W. (2d) 21; Ann. 56 A. L. R. (2d) 592, § 4(a).

In considering the issue of revocation, it has been held proper to consider the conduct of the licensee in light of the evil the legislature sought to prevent:

"Revocation of a license for cause has been said to contemplate such cause as would render the licensee unfit to engage in the licensed activity, with his fitness being judged in the light of the potential evil with which the legislature was concerned in enacting the licensing legislation. Under this rule the basic test is, 'Do the facts show a lack of good character, competency and integrity on the part of the licensee, or rather an impairment of these factors to such an extent as to create a possibility of the very mischief which the licensing legislation seeks to avoid?' " 51 Am. Jur. (2d), *Licenses and Permits,* § 58 at 62.

Finally, it should be noted that § 56-1545.10 requires proof of a showing of honesty, integrity, truthfulness and good reputation for any person desiring to become a broker. It does not logically follow that an initial applicant should be required to possess higher moral standards than an experienced real estate broker.

In considering all of the foregoing, it is clear that not only did the appellant violate the statutory prohibitions, but he also violated the objectives and intent of the law. A review of the evidence leaves no doubt as to this contention.

Other questions submitted to the Court challenge the sufficiency of the evidence, the admissibility of certain evidence, and the burden of proof required. As indicated hereinabove, the evidence is clearly abundant to warrant the findings and conclusions of the lower court.

The evidence objected to, even if erroneously admitted (which we do not concede), would not affect the result.

Counsel argues that the findings and conclusions of the lower court should not be based upon a preponderance of the evidence, but that a clear and convincing showing should be required. The evidence meets both standards.

The order of the lower court is

Affirmed.

LEWIS, C. J., and NESS, RHODES and GREGORY, JJ., concur.