### 22431

In the Matter of John Graham ALTMAN, III, Respondent.

(338 S. E. (2d) 334)

Supreme Court

*Atty. Gen. T. Travis Medlock, Sr. Asst. Atty. Gen. Richard B. Kale, Jr.,* and *Asst. Atty. Gen. Ruby B. McClain,* Columbia, *for complainant.*

*Robert W. Wallace,* of *Wallace & Tinkler,* Charleston, *for respondent.*

Heard Nov. 19, 1985.

Decided Dec. 18, 1985.

*Per Curiam:*

This grievance proceeding charges John Graham Altman with 1) practicing law while under suspension in violation of DR 3-101(B); 2) being held in contempt of the Supreme Court; 3) engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation in violation of DR 1-102(A)(4); and 4) engaging in conduct tending to pollute the administration of justice or to bring the courts or the legal profession into disrepute, or conduct demonstrating unfitness to practice law, in violation of DR 1-102(A)(5) & (6) and Rule on Disciplinary Procedure § 5(D). The proceeding arose from respondent's failure to comply with the Continuing Legal Education (CLE) requirements in violation of Supreme Court Rule 53 and Regulations for Mandatory Continuing Legal Education, and his subsequent dealings with this Court. We agree with the Executive Committee that a public reprimand is the appropriate sanction.

The factual findings of the Panel, which were unanimously adopted by the Executive Committee, reveal that the respondent failed to satisfy the CLE requirements for the 1983 calendar year. On April 16, 1984, Harris Hollis, the administrative director for the Commission on Continuing Lawyer Competence, sent respondent a certified letter notifying him that he had sixty days in which to comply or face automatic suspension. The letter was returned undelivered. On May 8, 1984, an identical certified letter was sent to respondent at another address. This letter was also returned undelivered.

On September 17, 1984, this Court ordered respondent to appear on October 29, 1984, to show cause why he should not have to deliver his bar certificate. The order was received by respondent through registered mail on September 20, 1984. In response to the order, respondent sent a compliance form to the Commission on Continuing Lawyer Competence. On October 22, 1984, he filed a return to this Court's order to show cause, asserting that he had satisfied the 1983 CLE requirements.

One of the entries on respondent's compliance report was a video seminar at Trident Technical College on June 22, 1984. The Commission had no record of respondent's attendance at this seminar. Respondent wrote to Harris Hollis explaining the circumstances surrounding his attendance at the remote video site. As a result of subsequent conversations between respondent and Mr. Hollis, respondent was under the erroneous impression that he had resolved the problem and his attendance at the show cause hearing on October 29th was not required.

When respondent did not attend the show cause hearing, this Court issued an order suspending him from the practice of law and requiring him to return his bar certificate within ten days. This order was sent by certified mail on October 31, 1984, but was not received by respondent until November 27, 1984. On November 20, 1984, this Court ordered respondent to appear on December 4, 1984, and show cause why he should not be held in contempt for failure to return his certificate. Respondent returned his certificate. The Court held respondent in contempt of court but imposed no sanction because he had purged his contempt by returning the certificate.

In its report, the Panel expressed concern over respondent's inconsistent statements concerning his alleged payment of the registration fee for the seminar. Respondent had represented to this Court that he had paid the fee at the door. At the hearing, respondent testified he remembers now that he did not pay the fee at the door. Payment of registration fees is not permitted at the seminar sites. The Executive Committee recommended a public reprimand on the basis of, in part, respondent's misrepresentation concerning payment of the registration fee. The Committee believed "that a lawyer could commit no graver misdeed than a misrepresentation to the Supreme Court."

The foregoing actions render a public reprimand the appropriate sanction. Attorney John Graham Altman, III, therefore stands publicly reprimanded by this Court in accordance with Rule 7(A)(4) of the Supreme Court Rules on Disciplinary Procedures.

Public reprimand.