22492

In the Matter of Bill Maurice PRIDGEN, Respondent.

(341 S. E. (2d) 376)

Supreme Court

*Atty. Gen. T. Travis Medlock, Senior Asst. Atty. Gen. Richard B. Kale, Jr.,* and *Staff Atty. Samuel L. Wilkins,* Columbia, *for complainant.*

*Bill M. Pridgen,* pro se.

Submitted Jan. 23, 1986.

Decided March 5, 1986.

*Per Curiam:*

This grievance proceeding charges respondent with: (1) engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation in violation of DR 1-102(A)(4); and (2) engaging in conduct prejudicial to the administration of justice or tending to bring the courts or legal profession into disrepute or conduct demonstrating that he is unfit to practice law in violation of DR 1-102(A)(5) & (6) and Paragraph 5(D) of the Rule on Disciplinary Procedure. Respondent consents to a public reprimand and conditionally admits the following facts.

On January 9, 1985, the South Carolina Commission on Continuing Lawyer Competence (CCLC) received a Report of Compliance from respondent stating that he had attended six Continuing Legal Education (CLE) hours during 1984. On April 19, 1985, the Administrative Director for the CCLC sent respondent a letter advising respondent that he was delinquent in reporting a minimum of twelve CLE hours, and that he had sixty days to comply or face automatic suspension. On April 29, 1985, the CCLC received a revised Report of Compliance, signed by respondent under oath, which alleged that respondent had attended the six CLE hours originally reported *plus* seven CLE hours from a seminar at Horry-Georgetown Technical College held on November 16, 1984. In fact, respondent did not attend the additional seven hours.

Respondent's failure to comply with the mandatory CLE requirements and misrepresentation to the CCLC mandate a public reprimand. Respondent, therefore, stands publicly reprimanded by this Court in accordance with Paragraph 7(A)(4) of the Rule on Disciplinary Procedure.

Public reprimand.