22625

In the Matter of Marvin Daniel ISEMAN.

(350 S. E. (2d) 922)

Supreme Court

*Atty. Gen. T. Travis Medlock* and *Sr. Asst. Atty. Gen. Richard B. Kale, Jr.,* Columbia, *complainant.*

*Edward M. Woodward* and *Edward M. Woodward, Jr.,* Columbia, *for respondent.*

Heard Oct. 7, 1986.

Decided Nov. 17, 1986.

*Per Curiam:*

This grievance proceeding charges respondent with engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation in violation of DR 1-102(A)(4). The Panel recommended the complaint be dismissed. The Executive Committee disagreed with the Panel and recommended that respondent receive a public reprimand. We find the appropriate sanction in this matter is a temporary suspension.

Respondent submitted a Compliance Report to the Commission on Continuing Lawyer Competence reporting 15.25 hours of Continuing Legal Education (CLE) credit for 1984, including 9.25 hours attended at a real estate seminar in New Orleans, Louisiana. Respondent admits that he was not registered for that seminar and that he did not attend the 9.25 hours as reported. He used a colleague's proof of registration to attend parts of the seminar and estimates his actual attendance to be between 3.75 and 5 hours. Respondent filed this false report while under investigation in another disciplinary matter that ultimately resulted in a public reprimand. *In re Iseman,* 287 S. C. 194, 336 S. E. (2d) 474 (1985) (misuse of client trust funds).

The authority to determine the appropriate sanction ▮▮ for attorney misconduct rests solely with this Court. *In re Padgett,* 290 S. C. 209, 349 S. E. (2d) 338 (S. C. 1986); *Burns v. Clayton,* 237 S. C. 316, 117 S. E. (2d) 300 (1960). Pursuant to Paragraph 7(A)(3) of the Rule on Disciplinary Procedure, we hereby suspend respondent from the practice of law in this state for a period of ninety days commencing on the date of filing of this decision.

Respondent must comply with the notice requirements specified in Paragraph 30 of the Rule on Disciplinary Procedure. He may seek reinstatement pursuant to Paragraphs 37 and 38 of that Rule after the ninety day suspension period has expired.

Temporary suspension.

HARWELL, J., not participating.