22743

In the Matter of Charles George ROWLAND, III, Respondent.

(358 S. E. (2d) 387)

Supreme Court

*T. Travis Medlock, Atty. Gen.,* and *Richard B. Kale, Jr., Sr. Asst. Atty. Gen.,* Columbia, *for complainant.*

*Walter B. Todd, Jr.,* Columbia, *for respondent.*

Heard May 5, 1987.

Decided July 6, 1987.

*Per Curiam:*

This is an attorney disciplinary proceeding. Respondent engaged in the unauthorized practice of law following administrative suspension by the Commission on Continuing Lawyer Competence for failure to comply with the requirements for continuing legal education. The hearing panel

recommended a public reprimand, and the Executive Committee recommended suspension for ninety days. We conclude respondent shall be suspended from the practice of law for two years, retroactive to the date of his original suspension.

Each active member of the South Carolina Bar is required to complete twelve (12) hours of accredited continuing legal education per calendar year. Supreme Court Rule 53, Section 2A(2). A bar member who is subject to mandatory CLE requirements must file a report of compliance for the previous year by January 10th of each year. *Id.* Failure to comply or to report compliance will result in administrative suspension from the practice of law by the Commission.

Respondent completed the mandatory CLE requirements for 1984, but failed to file his report of compliance with the Commission. After contacting him by mail, the Commission suspended respondent from the practice of law. In accordance with the order of suspension, respondent surrendered his license to practice to the Supreme Court. After surrendering his license, respondent continued to practice law for approximately six months. At the end of that period, respondent voluntarily appeared at the Supreme Court and reported his unauthorized practice.

It is undisputed from the record that respondent was, fully aware of the implications of his conduct. He delayed, without cause, filing his report of compliance and, after his suspension, fully realized he was practicing law in contravention of the Supreme Court Rules.

This Court regards an attorney's obligation to obtain continuing legal education credits very seriously. *Matter of Altman,* 287 S. C. 321, 338 S. E. (2d) 334 (1985). See also, *Matter of Iseman,* 290 S. C. 391, 350 S. E. (2d) 922 (1986). Respondent's disregard of this requirement may, in itself, warrant disciplinary action. *Id.* Here, however, respondent's conduct was even more egregious. With full knowledge he had no authority to do so, respondent continued to practice law after surrendering his license.

Respondent has violated Supreme Court Rule 32, DR3-101(B) ["A lawyer shall not practice law in a jurisdiction where to do so would be in violation of regulations of the profession ..."] and Supreme Court Rule

48(D) ["No person shall engage in the practice of law in the State of South Carolina who is not licensed by this Court and a member in good standing of the South Carolina Bar ..."]. The recommendations of the hearing panel and the Executive Committee are always respected and persuasive but the ultimate responsibility of determining sanctions in attorney disciplinary matters is in the Supreme Court. *Matter of Rushton*, 286 S. C. 543, 335 S. E. (2d) 238 (1985).

Respondent is suspended from the practice of law for a period of two years, retroactive to his original suspension on June 24, 1985. In addition, respondent shall complete the Bridge the Gap seminar prior to readmission.