### 22925

In the Matter of David Lee TEDDER, Respondent.

(374 S. E. (2d) 294)

Supreme Court

---

[8] 770 F. (2d) 850, 852 (9th Cir. 1985).

*Atty. Gen. T. Travis Medlock, Asst. Attys. Gen. James G. Bogle, Jr.* and *Samuel L. Wilkins,* Columbia, *for complainant.*

*Ralph E. Tupper Davis, Tupper & Griffith, P.A.,* Beaufort, *for respondent.*

*Charles B. Macloskie,* Beaufort, *guardian ad litem.*

Heard Oct. 17, 1988.

Decided Nov. 28, 1988.

*Per Curiam:*

This is a disciplinary proceeding arising out of Respondent's convictions for: 1) conspiracy to import marijuana; 2) conspiracy to possess marijuana with intent to distribute; 3) conspirary to defraud the Department of the Treasury and; 4) four counts of committing perjury before the Grand Jury.[1]

The Hearing Panel concluded that Respondent was guilty of misconduct as a result of these convictions and recommended disbarment. The Executive Committee adopted the Panel's factual findings and conclusions of law and independently recommended disbarment. We agree with the concurrent findings and recommendations of the Panel and Committee.

Respondent's involvement in the crimes for which he was convicted arose out of an incident which took place during the spring of 1980 when he was a third year law student. A long-time friend, Allen Patterson (later a witness against Respondent),[2] asked Respondent to take cash to the Bahamas and open a bank account. While there, Respondent was

---

[1] Additional facts concerning these convictions can be found in *United States v. Tedder,* 801 F. (2d) 1437 (4th Cir. 1986).

[2] Allen Patterson pleaded guilty to operating a continuing criminal enterprise, provided the prosecution with information about his relationship with Respondent and testified against Respondent at trial.

also to close another account and bring back a check for $42,000 representing funds from the closed account. Respondent contends that Patterson told him the $42,000 account belonged to Patterson and his estranged wife and that Patterson wanted to get the money away from his wife. Patterson also told Respondent the money was to be used to purchase real estate. Respondent testified before the Panel that he did not know the funds were "drug money."

Shortly after his return, Respondent sat for the bar exam in the summer of 1980, passed, and was sworn in in October of 1980. He joined the Beaufort law firm of Dowling, Sanders, Dukes, Novit & Svalina where he worked until the time of his arrest in 1984. Witnesses for Respondent testified that, during his tenure with the Dowling firm, Respondent enjoyed a good reputation in both the legal and non-legal community. He served as vice-president of the Public Defender Corporation in Beaufort, was involved in the community and also did pro bono work. He helped stage a Rape Awareness Program for the Beaufort Community. He assisted in training programs for the Beaufort Police Department.

In 1984, as a part of "Operation Jackpot," Respondent was subpoenaed to appear before the Grand Jury and to bring documents relating to Allen Patterson's real estate dealings. The Dowling firm had represented Patterson on several real estate transactions, though Respondent was not always the responsible attorney. Respondent appeared before the Grand Jury with files relevant to those transactions.

The Grand Jury questioned Respondent about his relationship with Patterson and about his 1980 trip to the Bahamas. Respondent's untruthfulness in response to those questions ultimately led to his convictions for four counts of perjury. The events of this 1980 trip to the Bahamas ultimately formed the basis for Respondent's conviction on the three conspiracy charges. Respondent was incarcerated from February 1987 until May 1988.

Previously, on January 9, 1985, this Court temporarily suspended Respondent from the practice of law in this state. The matter is now before us for a final resolution.

## DISCUSSION

The ultimate authority to discipline attorneys and the manner of that discipline rests entirely with this Court. *Burns v. Clayton*, 237 S. C. 316, 117 S. E. (2d) 300 (1960). Attorneys are subject to discipline for conduct not strictly related to the practice of law. *See South Carolina Real Estate Commission v. Boineau*, 267 S. C. 574, 230 S. E. (2d) 440 (1976). A certificate of conviction of an attorney for any crime is conclusive evidence against him in a disciplinary proceeding based on such convictions. South Carolina Supreme Court Rule on Disciplinary Procedure, Section 6 B. Upon conviction of a crime, disbarment is generally the appropriate sanction. *Matter of Holman*, 277 S. C. 293, 286 S. E. (2d) 148 (1982). Respondent has committed serious crimes. His conduct involves infractions of several Code Rules and sections of the South Carolina Supreme Court Rule on Disciplinary Procedure including: 1) DR1-102 (A)(5)—proscribing conduct prejudicial to the administration of justice; 2) DR1-102(A) (6)—proscribing conduct which adversely reflects on one's fitness to practice law; 3) DR1-102(A)(3)—proscribing illegal conduct involving moral turpitude; 4) DR1-102(A)(4)—proscribing conduct involving dishonesty, fraud, deceit or misrepresentation; 5) Section 5 D—proscribing conduct which tends to bring the legal profession into disrepute; and Section 5 C—defining misconduct as conviction of a crime as set forth in Section 6 of the Rules on Disciplinary Procedure.

We have given much consideration to Respondent's reputation, both before and after his convictions and to the favorable testimony of his witnesses before the Panel. These convictions, however, reflect far too adversely on Respondent's fitness to practice law and we cannot condone such actions. We hereby order that Respondent is disbarred from the practice of law in this state. Such disbarment is retroactive to the date of Respondent's temporary subspension, to wit January 9, 1985. Respondent must send out the required notices pursuant to Section 30 of the Rule on Disciplinary Procedure and comply with any other applicable sections of the Rule. Respondent shall surrender his

certificate to practice law to this Court within ten days from the date of this order.

Disbarred.