23510

In the Matter of Ned GREGORY, II, Respondent.

(411 S.E. (2d) 430)

Supreme Court

*Atty. Gen. T. Travis Medlock* and *Asst. Atty. Gen. James G. Bogle, Jr.,* Columbia, *for petitioner.*

*Thomas H. Pope, III,* of *Pope and Hudgens, P.A.,* Newberry, *for respondent.*

Heard Sept. 23, 1991.

Decided Nov. 12, 1991.

*Per Curiam:*

This is a disciplinary proceeding in which respondent Ned Gregory, II is alleged to have committed various acts of misconduct in violation of provisions of the Code of Professional Responsibility.[1]

In January 1990 respondent desired to take out a loan to repair and renovate his law office. He contacted a representative of a credit union, and was told to submit a loan application as well as a copy of his current income tax return. Respondent's CPA had not yet prepared respondent's tax return for the 1989 tax year, so respondent proceeded to prepare a return for submission with the loan package. He assembled a federal income tax form 1040 that contained misstated earned income figures. He also incorrectly claimed his three children by a previous marriage as exemptions, as well as misrepresenting rental income and other figures. Respondent then superimposed a copy of his CPA's signature from an earlier tax return over the preparer's signature block on the false form.

---

[1] The conduct occurred before the September 1, 1990 effective date of Rule 407, SCACR, Rules of Professional Conduct. Therefore, prior Rule 32, Sup. Ct. Rules, Code of Professional Responsibility, applies.

As a result, it appeared the CPA had prepared the return. Respondent then placed the entire loan package in his "out" box for delivery to the credit union the next day by his runner.

Respondent testified before the Panel that after he left his law office he began to have doubts about his actions. He did not return to his law office to retrieve the package, even though his residence is only a few miles away. Respondent testified that he intended to retrieve the false tax return in the morning. When he reached his law office the next day, however, his runner had already picked up the package for delivery.

When the loan officer reviewed respondent's loan package, he noticed certain figures on the false tax return were not documented. He then telephoned the CPA whose name appeared on the form. The CPA denied preparing any tax return for the 1989 tax year. Consequently, respondent's application was denied based on insufficient verifiable income.

A hearing was held before a Panel of the Board of Commissioners on Grievances and Discipline on December 18, 1990, to determine whether respondent's falsifying his income tax return and placing a facsimile of the CPA's signature thereon constituted unethical conduct. Respondent testified that he did not intend to defraud the credit union because he had sufficient assets to repay the loan. Nevertheless, the Panel concluded that respondent filed a false tax return with a financial institution and misappropriated the name of the CPA with an intent to deceive the credit union. The Panel recommended a public reprimand.

The Panel found in mitigation that respondent's misconduct was not connected with his law practice and did not harm a client. The Panel also noted that the respondent was contrite and his misconduct seemed to be an isolated incident. Respondent appears to have been forgiven for his misdeeds by the individuals affected. Both the credit union and CPA currently maintain favorable business relationships with respondent.

The matter came before the Executive Committee on July 19, 1991. The Executive Committee adopted the Panel's findings and conclusions of law. The Executive Committee, by a vote of six to one, recommended a definite suspension of sixty days be imposed on respondent.

Initially, we note that the recommendations of the Panel and Executive Committee are persuasive. However, the ultimate authority to discipline attorneys and the manner of discipline rests with this Court. *In re Rowland,* 293 S.C. 17, 358 S.E. (2d) 387 (1987).

We have reviewed the record and accept the findings of the Panel and Executive Committee, as well as respondent's own admission, that respondent prepared a false tax return, affixed a facsimile of his CPA's signature to the return, and submitted the false tax return to a lending institution. This is extremely serious misconduct. Respondent's actions are not excused by his assertion that the acts were undertaken for the sole benefit of respondent, unrelated to his law practice, and did not harm a client. Attorneys are subject to discipline for matters not strictly related to the practice of law. *In re Tedder,* 296 S.C. 500, 374 S.E. (2d) 294 (1988).

Respondent's conduct violates Rule 32, Sup. Ct. Rules, Code of Professional Responsibility, in the following particulars:

(1) DR 1-102(A)(1) (prohibits a lawyer from violating a Disciplinary Rule);
(2) DR 1-102(A)(3) (prohibits a lawyer from engaging in illegal conduct involving moral turpitude);
(3) DR 1-102(A)(4) (prohibits a lawyer from engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation);
(4) DR 1-102(A)(6) (prohibits a lawyer from engaging in conduct that adversely reflects upon his fitness to practice law).

*See also* Rule 407, SCACR, Rules of Professional Conduct, Rule 8.4.

Every member of the Bar found guilty of misconduct is disciplined in accord with the seriousness of the misconduct. Paragraph 7(A), Rule on Disciplinary Procedure; *see also* Rule 413(7)(A), SCACR. "Misconduct" includes acts by an attorney which violate standards of professional conduct promulgated by this Court, regardless of whether the acts occur in the course of an attorney-client relationship, as well as acts which tend to bring the legal profession into disrepute. Paragraph 5, Rule on Disciplinary Procedure; *see also*

Rule 413(5)(B) and (C), SCACR. We find respondent has committed conduct warranting discipline.

Respondent not only committed a very serious offense, he implicated an innocent third party by his misconduct. We admonish respondent in the strongest terms that his behavior was reprehensible. We hold the appropriate sanction to be a public reprimand.

Public reprimand.

GREGORY, C.J., concurring in part and dissenting in part in separate opinion.

GREGORY, Chief Justice, concurring in part; dissenting in part:

I concur in the majority's conclusion respondent's conduct constitutes an ethical violation. I disagree, however, with the sanction imposed. In my view, respondent's falsification of his income tax return, including the misrepresentation that a CPA had signed it, merits a definite suspension of sixty days as recommended by the Executive Committee. I therefore respectfully dissent from the majority's imposition of a public reprimand.