494 S.E.2d 118

**In the Matter of M. Leonard LEDFORD, Respondent.**

**No. 24721.**

Supreme Court of South Carolina.

Heard Oct. 7, 1997.

Decided Dec. 8, 1997.

---

Attorney General Charles Molony Condon, and Assistant Deputy Attorney General J. Emory Smith, Jr., Columbia, for complainant.

Eugene C. Covington, Jr., of Covington, Patrick, Hagins & Lewis, P.A., Greenville, for respondent.

PER CURIAM

This is an attorney disciplinary matter. Respondent is charged with forging the name of another attorney and misappropriating client funds from his trust account. Respondent admits the underlying actions constituting misconduct. The Panel found respondent committed misconduct and recommended he be disbarred. We agree.

In December 1994 following the issuance of a public reprimand for misconduct, the title insurance company for which respondent had issued insurance polices ended its agency relationship with respondent.[1] Unable to write title insurance policies, respondent asked another attorney (Attorney) to write the insurance policies for him. In June 1995, the title insurance company not only denied respondent's application to become an agent but also removed respondent from its list of approved settlement attorneys. On June 28th, the insurance company directed Attorney not to issue any more policies with respondent as the settlement attorney after June 30th. One closing was not completed prior to this date. Respondent told the mortgage company Attorney was handling the closing when respondent knew he was not. After discovering Attorney was aware of his actions, respondent then asked Attorney to sign the documents as the closing attorney. Attorney

---

1. Respondent received a public reprimand following a conditional admission for various misconduct including failing to act on various legal matters and not cooperating with the Board. *In re Ledford,* 317 S.C. 177, 452 S.E.2d 605 (1994).

refused and contacted the Grievance Committee and the title insurance company. The closing took place with respondent as the closing attorney and with the title insurance's knowledge and approval.

Respondent also forged Attorney's name on two checks and several of the closing papers involved in the refinancing of real estate. The real estate transactions involved the refinancing property for respondent's wife, Anne Marie Ledford.

In July 1995, respondent forged Attorney's signature on a check for proceeds from the refinancing of property for his wife. Several months later in May 1996, respondent handled the refinancing of another piece of real estate for his wife. He, however, used Attorney's name as the closing attorney. Exhibit C–11 is a "Final Report on Title of Ann Marie L.Ledford" dated May 28, 1996, which was submitted to the lending institution. It appears to be on letterhead of Attorney. Respondent forged this entire document and Attorney's signature on it. He even went so far as to create a letterhead for Attorney at the top of the document. Respondent then forged Attorney's name on the check distributed as a result of the refinancing.

As to the misappropriation of funds, respondent withdrew $83,275 from his trust account to secure the down payment on three rental houses between July 1995 and January 1996 as a personal investment. Respondent sought permanent financing for these rental properties but he was unable to obtain it. Portions of the money were deposited back into the trust account in March and September 1996. On January 10, 1997, twelve days prior to the Panel Hearing, respondent testified he repaid the entire amount.[2] The money represented the float from the various loan closings he had handled.

Respondent contends disbarment is too harsh a sanction to impose for his misconduct. He contends a definite suspension would be an appropriate sanction because this misconduct is very uncharacteristic of his legal career and occurred over a

---

2. Restitution was indicated but not proven because an extensive audit would have to be performed to prove restitution. Respondent testified he actually deposited an additional $13,000 to make sure he covered all of the money he had withdrawn and to cover the 59 nonsufficient funds charges that his withdrawal had caused.

six-month period. Respondent dismisses the fact that this misconduct occurred within a year of respondent receiving a public reprimand.

As far as the misappropriation of the trust fund account, respondent contends that his conduct was not egregious because no clients were injured and he repaid the money. We disagree. While things may have turned out that way for respondent, they could have just as easily not. In any event, respondent's actions are not excused by his assertion that the acts did not harm a client. *In re Gregory,* 306 S.C. 270, 411 S.E.2d 430 (1991).

Respondent has violated Rule 1.15 of the Rules of Professional Conduct, Rule 407, SCACR, by failing to safeguard and preserve the identity of client funds. Respondent has also violated Rule 8.4 by engaging in conduct involving dishonesty, fraud, deceit, and misrepresentation, and by engaging in conduct that is prejudicial to the administration of justice.

It is our opinion that respondent's misconduct warrants disbarment. It is therefore ordered that respondent shall be disbarred from the practice of law in this state. Within fifteen days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied with Paragraph 30 of Rule 413, SCACR, and shall surrender his certificate of admission to the Clerk of Court.