532 S.E.2d 605

**In the Matter of H. Jackson GREGORY, Respondent.**

**No. 25135.**

Supreme Court of South Carolina.

Heard April 19, 2000.

Decided May 30, 2000.

414

Attorney General Charlie Condon and Assistant Deputy Attorney General J. Emory Smith, Jr., for Office of Disciplinary Counsel.

James C. Harrison, Jr., of Columbia, for respondent.

PER CURIAM:

In this attorney disciplinary matter, respondent is charged with misappropriating money from a mortgage closing. The full panel adopted the findings of the subpanel, and recommended a sanction of disbarment.

## FACTS

Complainant retained respondent to handle a mortgage closing. Respondent closed the loan on June 2, 1997. On June 9, 1997, respondent's law firm's trust account received a wire transfer of $76,825.39, including at least $61,108.22 to pay off the mortgage. Respondent wrote a check payable to Fleet mortgage company in the proper amount, but rather than forwarding it to Fleet, he deposited it into an account belonging to The Gregory Company, Inc., a company he controlled. This was not a client trust account. Thereafter, on June 23, 1997, respondent wrote a check out of the Gregory Company account to Interstate/Johnson Lane for $45,384.49, with a notation on the memo line "11,000 shares NGO 327–75660–1–8." By July 24, 1997, the Gregory Company account had a negative balance and complainant's mortgage had not been paid.

Over the next eight months, respondent made monthly payments to Fleet. These monthly payments were accompanied by repeated written requests for an accurate payoff amount. During this time, complainant was continually in contact with respondent concerning the unpaid loan. Respondent repeatedly told her he was waiting for an accurate payoff amount before he paid the loan. In the meantime, complainant was contacted by credit collection personnel and had difficulty obtaining a loan for another home because her Fleet mortgage remained unpaid. Complainant and her new attorney traveled from North Carolina to meet respondent and

could not find him, even though he was informed of their trip in advance.

Complainant wrote a letter dated February 17, 1998 to the Commission on Lawyer Conduct concerning respondent's misappropriation of her money. On February 21, 1998, respondent paid Fleet in full with a check for $56,536.06.

Respondent met with Investigator George Tansil of the Office of Disciplinary Counsel in May 1998. Respondent provided Mr. Tansil with all the documents Mr. Tansil requested. Respondent told Mr. Tansil he had not misappropriated complainant's money, but had given it to Mr. Richard Brady [1] to hold for complainant. Mr. Brady testified respondent gave him $50,000 to $60,000 in cash in envelopes to hold in his safe, but he was never informed the money was earmarked for a particular purpose. Furthermore, there was no accounting of the transaction.

Respondent admits most of the facts in evidence; however he denies some of the conclusions drawn by the panel. Specifically, he denies he gave false information to the Office of Disciplinary Counsel, and asserts he cooperated fully with the investigator. He further disagrees his conduct amounted to fraud or "potentially criminal acts." Respondent does not contest the Office of Disciplinary Counsel established he misappropriated complainant's funds.

Respondent was previously suspended from the practice of law for incompetence and failure to deliver promptly funds that a client was entitled to receive. *Matter of Gregory,* 332 S.C. 13, 503 S.E.2d 735 (1998). The sanction included remitting $1000 in undisbursed real estate closing funds to the Client Protection Fund, thirty day's suspension, and completion of the Law Office Management Assistance Program.

## DISCUSSION

A disciplinary violation must be proven by clear and convincing evidence. *Matter of Yarborough,* 327 S.C. 161, 488 S.E.2d 871 (1997). While the Court is not bound by the findings of the subpanel and full panel, their findings are entitled to great weight, particularly when the inferences to be

---

1. Mr. Brady is a personal friend of respondent.

drawn from the testimony depend on the credibility of witnesses. *Id.* The Court may make its own findings of fact and conclusions of law, and is not bound by the panel's recommendation. *Burns v. Clayton,* 237 S.C. 316, 117 S.E.2d 300 (1960). The Court must administer the sanction it deems appropriate after a thorough review of the record. *Matter of Kirven,* 267 S.C. 669, 230 S.E.2d 899 (1976).

The panel found respondent's continuing request for updated payoff statements was fraudulent and deceitful and done in an effort to postpone full payment so that his misappropriation would go uncovered. The panel also found respondent's statements concerning his giving the money to Mr. Brady for safekeeping to be false. Moreover, even if true, giving $50,000 to $60,000 in unaccounted cash to a friend to hold for a client would in itself be misconduct. *See* Rule 1.15, Rule 407, SCACR (client funds shall be kept in a separate trust account; complete records of such funds must be kept). The Office of Disciplinary Counsel argues respondent's conduct is in the nature of grand larceny and breach of trust with fraudulent intent. *See State v. Scott,* 330 S.C. 125, 130, 497 S.E.2d 735, 737 (1998) ("Breach of trust with fraudulent intent is larceny after trust, which includes all of the elements of larceny or in common parlance, stealing, except the unlawful taking in the beginning.").

The panel found respondent violated the following Rules of Professional Conduct (Rule 407, SCACR) and Rules for Lawyer Disciplinary Enforcement (Rule 413, SCACR):

- Rule 1.15, Rule 407, SCACR (appropriated client's funds to his own use, failed to deliver promptly to a client or third person funds that the client or person was entitled to receive, failed to render promptly a full accounting regarding property of the client or third person); [2]

- Rule 8.4(b) (committed potentially criminal acts that reflect adversely upon his honesty, trustworthiness, and fitness as a lawyer);

- Rule 8.4(c) (engaged in conduct involving moral turpitude);

---

2. Respondent admits he violated Rule 1.15, but objects to the panel's conclusions concerning the remaining rule violations.

- Rule 8.4(d) (engaged in conduct involving dishonesty, fraud, deceit or misrepresentation);

- Rule 3.3(a)(1) (knowingly made a false statement of material fact or law to a tribunal);

- Rule 4.1(a) (made a false statement of material fact or law to a third person);

- Rule 8.4(a) (violated the Rules of Professional Conduct);

- Rule 8.4(e) (engaged in conduct that is prejudicial to the administration of justice);

- Rule 7(a)(5) & (6), RLDE (violated the oath of office taken upon admission to practice law and engaged in conduct tending to pollute the administration of justice or to bring the courts or the legal profession into disrepute or conduct demonstrating an unfitness to practice law).

In addition, the panel cites *Matter of Treacy*, 277 S.C. 514, 290 S.E.2d 240 (1982) for the proposition that respondent failed to cooperate with investigations of the Board in that he supplied false information.

The evidence respondent misappropriated complainant's funds is clear and convincing. Moreover, the evidence supports the conclusion respondent's conduct was intentionally fraudulent, and not merely poor judgment. Respondent's misconduct is exacerbated by his recent disciplinary history for misconduct including failure to promptly disburse client funds. Although the misappropriated monies have been fully repaid, we nevertheless conclude respondent's misconduct warrants disbarment. *See Matter of Ledford*, 328 S.C. 280, 494 S.E.2d 118 (1997) (eventual repayment does not excuse misappropriation of client's money). The sanction is retroactive to May 28, 1998, the date of respondent's interim suspension.

Within fifteen days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30 of Rule 413, SCACR, and shall also surrender his Certificate of Admission to the Practice of Law to the Clerk of Court.

DISBARRED.