544 S.E.2d 628

**In the Matter of Darrell Lester DIGGS, Respondent.**

No. 25272.

Supreme Court of South Carolina.

Heard Feb. 7, 2001.
Decided March 26, 2001.

Henry Richardson, and Senior Assistant Attorney General James G. Bogle, Jr., both of Columbia, for the Office of Disciplinary Counsel.

D. Lester Diggs, Pro Se Respondent.

PER CURIAM:

We suspend Darrell Lester Diggs ("Diggs") from the practice of law for 90 days for supplying incorrect information on his CLE compliance report.

### FACTUAL/PROCEDURAL BACKGROUND

Diggs admits he submitted incorrect information to the Commission on Continuing Legal Education ("Commission") on his CLE compliance report, which he signed and had notarized. Specifically, on December 29, 1997, Diggs submitted a CLE compliance report claiming 7.5 hours of credit for CLEs that were to occur on January 10, 1998, and January 23, 1998. On January 2, 1998, the Commission advised Diggs he could not claim CLE credit for courses he planned to attend in the future, and he should reexecute the report once the CLE hours had been properly earned. Diggs reexecuted the re-

port, which still claimed credit for the January 10, 1998, and January 23, 1998, seminars. The Commission selected Diggs' compliance report randomly for attendance verification. The sponsor of the January 10, 1998, seminar informed the Commission he had no record of Diggs' attendance.

Diggs admitted by letter that he did not attend the legal ethics seminar due to alleged extenuating circumstances, even though he registered and pre-paid for the seminar. According to Diggs, he planned to attend the Columbia CLE, but he did not realize the seminar was only two hours. He was under the mistaken belief the CLE was being held via satellite at Aiken Technical College and it would last most of the day. When he arrived at Aiken Technical College, he realized the seminar was scheduled live at the law school. Diggs drove to Columbia and when he arrived, the two hour ethics CLE was completed. According to Diggs, he believed at the time he traveled to the CLE that he would be able to claim the hours even though the seminar was over. At the time he filed his CLE compliance report, he did not think a late arrival to a CLE was a basis to nullify the hours.

Diggs refiled his application for CLE credit, omitting the January 10, 1998, seminar and adding a February 20, 1998, seminar. He also re-signed the report and had it notarized.

On September 11, 1998, the Commission served Diggs with a Notice of Filing of Formal Charges, which alleged Diggs violated Rule 7 of the Rules of Lawyer Disciplinary Enforcement, Rule 413, SCACR, and the Rules of Professional Conduct, Rule 407, SCACR. Diggs filed an Answer on October 14, 1998, admitting he committed misconduct with respect to his CLE requirements, but denying those allegations made out a case of attorney misconduct.

Diggs argues that certain rules are inapplicable to his disciplinary matter because they concern the representation of clients, and no clients were involved. He acknowledges his original CLE compliance report contained incorrect information. Specifically, that he attended a January 10, 1998, seminar when he never had the opportunity to sign the attendance roll at the seminar. According to Diggs, "I point out that having made an effort to attend (arriving shortly after its conclusion), having preregistered for and paid for the seminar,

I reasonably believed that I could claim credit." According to his Reply, Diggs does not think claiming credit for a CLE he did not attend was wrong, he thinks his only mistake was not signing the roll. Diggs states: "In retrospect, I am not so sure that I had, at that time, instant consideration of my failure to sign the roll on January 10th. Also in retrospect, I may have compared my situation with lawyers, who largely without impunity [sic], travel to a seminar, arrive before it actually begins, sign the attendance roll, and leave without actually participating." Diggs claims he would consent to a private reprimand in this matter if the Commission found it desirable to use his case "to send a message to attorneys that honesty-in-fact is the gravaman of compliance in the annual reports . . ."

On November 18, 1998, a hearing was held before a subpanel of the Commission. The subpanel recommended a public reprimand, but did not direct Diggs to pay for the costs incurred by the Commission in this matter. Both Disciplinary Counsel and Diggs filed exceptions. On September 29, 2000, the full panel adopted the subpanel report and recommended a public reprimand. The following factors were considered as mitigation by the full panel: (1) Diggs has been practicing law for eighteen years with no apparent prior record of difficulties from a grievance perspective; (2) he candidly admitted wrong doing in this matter; and (3) he cooperated in all aspects of the investigation. The full panel concluded as a matter of law Diggs violated: (1) Rule 408, SCACR, which requires mandatory attendance at CLEs; (2) Rule 407, SCACR, which prohibits engaging in conduct tending to pollute the administration of justice or to bring the courts or legal profession into disrepute or conduct demonstrating an unfitness to practice law; (3) Rule 3.3 of Rule 407, which provides that a lawyer shall not knowingly make a false statement of material fact or law to a tribunal; and (4) Rule 8.4(a) of Rule 407, which prohibits an attorney from engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation.

On October 14, 1999, the Commission received a letter from Disciplinary Counsel requesting the full panel adopt the findings of fact and conclusions of law of the subpanel, but impose a harsher sanction, such as a definite suspension of 90 days or less from the practice of law, as allowed by Rule 7(b) of the

Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR.

The following issue is before this Court:

I. Should the panel have recommended a sanction harsher than a public reprimand for Diggs' CLE misconduct?

## Law/Analysis

 The authority to discipline attorneys and the manner in which the discipline is given rests entirely with this Court. *In re Yarborough,* 337 S.C. 245, 524 S.E.2d 100 (1999). In an attorney disciplinary proceeding, this Court is not bound by the findings made by the panel of the Commission on Lawyer Conduct or by the Commission itself. *Id.* However, these findings are entitled to great weight. Therefore, this Court may make its own findings of fact and conclusions of law in an attorney disciplinary proceeding. *Id.* Furthermore, an attorney disciplinary violation must be proven by clear and convincing evidence. *Id.*

## I. CLE Misconduct

 Disciplinary Counsel argues the full panel should have recommended a sanction harsher than a public reprimand, given the level of Diggs' misconduct proven by the clear and convincing evidence standard. We agree.

Initially, Diggs submitted a CLE compliance report that included credit for two seminars which had not been held. By submitting this report, Diggs made a false statement under oath because the report was sworn and subscribed to before a notary public. Diggs swore to the following statement: "I hereby swear or affirm that the information in this Report is, to the best of my knowledge, complete and accurate and that I did, in fact, participate for the number of hours indicated in the courses listed in Part II." This statement was false because Diggs swore he attended two seminars which had not occurred.

In January 1998, Diggs resubmitted the same CLE compliance report, still bearing the notarized signature from the original report, claiming credit for two seminars held by the South Carolina Bar on January 10 and January 23, 1998. The second submission contained two false statements. First,

Diggs submitted a false statement under oath because he did not attend the January 10, 1998, seminar. Further, his statement was false because it bore a notary date prior to the date of the two January seminars. However, Diggs submitted an amended Report of Compliance on February 23, 1998, which deleted the January 10, 1998, seminar and included credit for another seminar.

Diggs has violated several Rules of Professional Conduct. First, Diggs knowingly made a false statement of material fact or law to a tribunal in violation of Rule 3.3(1) of the Rules of Professional Conduct, Rule 407, SCACR. Second, Diggs has engaged in conduct involving dishonesty, fraud, deceit, and misrepresentation in violation of Rule 8.4(d) of the Rules of Professional Conduct, Rule 407, SCACR.

The sanction recommended by the subpanel and full panel was insufficient, given the nature of the misconduct. This Court has addressed the falsification of CLE compliance reports several times in the past. In *In re Iseman*, 290 S.C. 391, 350 S.E.2d 922 (1986), this Court issued a ninety-day suspension for misrepresentation in connection with reported attendance at a CLE seminar. Iseman submitted a compliance report that included 9.25 hours for a real estate seminar in New Orleans, Louisiana. Iseman used a colleague's proof of registration to attend only parts of the seminar, which he estimated was around 3.75 to 5.0 hours. However, in other cases involving false statements on a CLE compliance report, the Court has only issued a public reprimand. *See In re Pridgen*, 288 S.C. 96, 341 S.E.2d 376 (1986) (public reprimand for submitting a CLE compliance report signed under oath alleging attendance at seven CLE recertification hours without actual attendance). *But see In re Rowland*, 293 S.C. 17, 358 S.E.2d 387 (1987) (unauthorized practice of law after administrative suspension for failing to comply with CLE requirements warrants a two year suspension). *Cf. In re Wyllie*, 327 Or. 175, 957 P.2d 1222 (1998) (finding misrepresenting compliance with CLE requirements and failing to cooperate with the disciplinary investigation warranted a two year suspension from the practice of law).

The authority to determine the appropriate sanction for attorney misconduct rests solely with this Court. *In re*

*Padgett,* 290 S.C. 209, 349 S.E.2d 338 (1986). A sentence harsher than a public reprimand is warranted for submitting a false sworn document to a tribunal. Therefore, Diggs is suspended from the practice of law for 90 days—the same penalty given in the *Iseman* case for CLE misrepresentation. *See In re Iseman, supra.*

■ Truthful representations on CLE compliance reports are essential to the successful operation of the South Carolina CLE program. Our CLE program operates on an honor system. The Commission does not check the accuracy of every attorney's CLE compliance report. The Commission audits the accuracy of approximately 2% of the CLE compliance reports. In order for the CLE program to be successful, and provide the public with competent, educated attorneys, South Carolina attorneys must complete the required number of CLE hours. Diggs argues it is a common practice for attorneys to receive full CLE credit for seminars when they leave early. Diggs also claims attorneys receive CLE credit when they just pay the CLE registration fee, show up to sign the roll, and leave. We emphasize that any attorney who provides false information on a notarized CLE compliance report commits a false swearing to a tribunal, which constitutes perjury.

The Court does not consider the fact Diggs eventually complied with the CLE requirements as mitigation because such compliance is required for an attorney to continue practicing law. Furthermore, if Diggs continued to practice law during the time when he was not in compliance with the CLE requirements, he practiced without being properly approved by the Commission, and engaged in the unauthorized practice of law. We, therefore, suspend Diggs from the practice of law for 90 days.

### CONCLUSION

Based on the foregoing, we hereby: (1) suspend Diggs from the practice of law for 90 days commencing on the date of filing of this decision; and (2) find Diggs responsible for $193.50, the cost incurred by the Commission in this matter.

TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.